LATHAM & WATKINS LLP
David J. Schindler (Bar No. 130490)
*david.schindler@lw.com*
Kristen M. Tuey (Bar No. 252565)
*kristen.tuey@lw.com*
Brigitte E. Mills (Bar No. 281098)
*brigitte.mills@lw.com*
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Plaintiff the City of Almaty

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CITY OF ALMATY, a foreign state,

Plaintiff,

v.

VIKTOR KHRAPUNOV, an individual, *et al.*,

Defendants.

Case No. CV14-3650-FMO-CW

Assigned To: Hon. Fernando M. Olguin

**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**

**Scheduling Conference**
Date: November 6, 2014
Time: 10:00 a.m.

**Action Filed: May 13, 2014**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (Dkt. 32), Plaintiff the City of Almaty ("Plaintiff" or "Almaty") and Defendants Elvira Khrapunov a/k/a Elvira Kudryashova, Dmitry Kudryashov, RPM USA, LLC, RPM-Maro LLC, Maro Design LLC, Haute Hue LLC, 628 Holdings LLC, Candian International Ltd., Elvira Kudryashova as Trustee of The Kasan Family Trust, and Dmitry Kudryashov as Trustee of The Kasan Family Trust (collectively, the "Served Defendants"), hereby submit this Joint Rule 26(f) Report and Discovery Plan.

## I. Statement of the Case

### A. Plaintiff's Position

Plaintiff's claims in this action revolve around Defendants' racketeering activities in the Central District of California and elsewhere in the United States. Defendants' racketeering enterprise has two separate yet intertwined objectives: first, to embezzle from the people of the city of Almaty a vast fortune for Defendants' own personal benefit; and, second, to launder and conceal the embezzled funds in the United States in order to prevent Almaty from recovering those stolen monies and enable Defendants to evade prosecution for their crimes. Plaintiff's claims are focused on the second part of the ongoing racketeering enterprise.

As a core part of their ongoing effort to launder funds stolen from Almaty, Defendants moved the vast sums they had embezzled to Switzerland and then later dispersed the stolen funds from Switzerland to other jurisdictions. Beginning in or about 2010, Defendants began transferring those funds into the United States, including into the Central District of California. Defendants hoped that, by diversifying their illicit holdings outside of Switzerland and moving them into the United States, they could achieve the second objective of their enterprise; namely, to prevent seizure of the stolen funds and thwart efforts to prosecute Defendants

for their crimes. Defendants thus systematically purchased and re-sold multi-million dollar estates located in Beverly Hills and Studio City, California in an attempt to launder and conceal the illicit source of the funds used to purchase those mansions, and their scheme had the additional benefit of allowing several of the Defendants to live in luxury, enjoying wealth stolen from the people of Almaty. Defendants also created and funded many sham companies, predominantly organized under the laws of California, which they are using to launder and conceal additional funds.

Defendants' ongoing domestic laundering, concealment, and engaging in other transactions using funds stolen from the people of the City of Almaty are wrongful under United States law and constitute racketeering activities in violation of the Racketeering Influenced and Corrupt Organizations Act as well as state law and federal common law. Those wrongful acts form the basis of Plaintiff's First Amended Complaint ("FAC").

**B. Served Defendants' Position**

On May 13, 2014, the Republic of Kazakhstan, acting through its political subdivision, the City of Almaty filed a Complaint against Defendants in this Court. (*See* Dkt. 1.) The Defendants are Viktor Khrapunov, the former Mayor of Almaty and a former Kazakh energy minister, his wife Leila, their son Iliyas and daughter Elvira and their respective spouses, and several corporations and trusts. Plaintiff has not yet served Defendants Viktor, Leila, Iliyas, and Madina Khrapunov. Defendant Mr. Fumigation was served but subsequently dismissed from the case on October 14, 2014. (Dkt. 46.) The Served Defendants make the statements herein on their own behalf and take no positions and make no representations on behalf of the Defendants who have not yet been served.

The original Complaint alleged claims arising out of supposed political corruption in Kazakhstan over 10 years ago. In essence, Plaintiff claimed that

Viktor Khrapunov undertook a series of illegal transactions in Kazakhstan to enrich himself and his family at the expense of Almaty and its citizens. Plaintiff asserted claims for violations of RICO, violations of California's Unfair Competition Law, breach of fiduciary duty, conversion, conspiracy to commit conversion, fraud and deceit, conspiracy to defraud, and an accounting and imposition of a constructive trust and equitable lien. (*Id*. at 18, 20, 22-24, 26.)

On June 2, 2014, the Court *sua sponte* issued an order questioning the adequacy of the RICO allegations in Plaintiff's original Complaint, and ordered Plaintiff to file a FAC. (*See* Dkt. 8.) Plaintiff did so on June 9, 2014. (*See* Dkt. 16.) Yet, the Served Defendants believe that the FAC failed to cure the deficiencies identified by the Court and contains numerous other fatal defects. Accordingly, on August 15, 2014, the Served Defendants filed a Motion to Dismiss. (*See* Dkt. 28.) Plaintiff's opposition was served on October 16, 2014, and the Served Defendants' reply will be served on October 23, 2014. The hearing is currently scheduled for November 6, 2014. Should any of Plaintiff's claims against the Served Defendants survive the Motion to Dismiss, Plaintiff will be required to establish each element of its remaining claims and the involvement of each Defendant in them. The facts will demonstrate, and the paucity of evidence in Plaintiff's FAC confirms, that Plaintiff will be unable to do so.

## II. Subject Matter Jurisdiction

### A. Plaintiff's Position

Subject matter jurisdiction over Plaintiff's first and second claims for violations of RICO is proper pursuant to 28 U.S.C. section 1331(a) and 18 U.S.C. section 1964(c). The third through seventh claims allege violations of state law and of federal common law, and this Court has pendant jurisdiction over such claims pursuant to 28 U.S.C. section 1367(a) because those claims are joined with and substantially related claims under RICO and because those claims are so

related to the RICO claims in this action that they form part of the same case or controversy under Article III of the United States Constitution and arise from a common nucleus of operative facts.

**B. Served Defendants' Position**

Subject matter jurisdiction is not disputed by the Served Defendants. However, the Served Defendants have moved to dismiss Plaintiff's RICO claims. If Plaintiff's RICO claims are dismissed, the Served Defendants contend that the Court no longer has supplemental jurisdiction over the state-law claims in the FAC and that those claims should therefore be dismissed as well.

## III. Legal Issues

**A. Plaintiff's Position**

As is made clear in the FAC and is explained in more detail in Plaintiff's Opposition to the Served Defendants' Motion to Dismiss, Plaintiff by this lawsuit seeks redress for racketeering activities committed by the Defendants in the United States and, specifically, in the Central District of California. *See United States v. Chao Fan Xu*, 706 F.3d 965 (9th Cir. 2013). The Served Defendants filed a Motion to Dismiss the FAC predicated on the incorrect premise that the FAC is directed principally at wrongful acts that occurred years ago, halfway around the world. That premise is entirely wrong and wholly misleading. Indeed, Defendants have violated and are continuing to violate RICO, 18 U.S.C. sections 1961 *et seq.*, by committing, in the Central District of California and elsewhere in the United States, multiple predicate acts of money laundering in violation of 18 U.S.C. section 1956, conducting money transactions in property derived from specified unlawful activity in violation of 18 section 1957, mail and wire fraud in violation of 18 U.S.C. sections 1341 and 1343, and foreign transport of stolen money in violation of 18 U.S.C. section 2314.

Because the FAC seeks redress only for violations of United States law, and because many of the Defendants and properties at issue are located within the Central District of California, the Central District of California is the most appropriate forum to adjudicate this dispute. Although Defendants seek to have this matter litigated in Switzerland, they bear the burden of showing that Switzerland is an available, adequate forum and they have not established that Almaty is entitled to any relief under Swiss law for violations of United States law committed in the United States. Further, because Viktor Khrapunov is no longer a state official and because his illegal acts have been manifestly renounced by Almaty (as evidenced by the current lawsuit).

**B. Served Defendants' Position**

The Served Defendants have identified numerous substantive legal issues in their Motion to Dismiss. The Served Defendants contend that the improper conduct alleged by Plaintiff almost exclusively took place extraterritorially and is therefore outside the scope of RICO and the state law claims. Indeed, each and every one of Plaintiff's claims relies upon, and is derivative of, the alleged illegality of approximately 80 real estate transactions allegedly undertaken by Defendant Viktor Khrapunov in Kazakhstan under Kazakh law over 10 years ago. Without an adjudication by the Court that these foreign transactions undertaken by Mr. Khrapunov in an official capacity were illegal, each of Plaintiff's claims fail.

Moreover, based on *forum non conveniens*, the Served Defendants believe this action should be dismissed in favor of litigation in Switzerland, where legal proceedings regarding the very same conduct alleged in the FAC have already begun. Further, because the FAC at its core questions the validity of official acts taken by a Kazakh official in his official capacity in Kazakhstan, this action is nonjusticiable pursuant to the Act of State doctrine. The Served Defendants also

argue that Plaintiff's claims are time-barred and that they have not been pled with the requisite specificity.

**IV. <u>Parties, Evidence, etc.</u>**

Basic discovery has not yet been taken, and other than the parties to the action, and the transaction documents concerning the Served Defendants' real estate transactions identified in the FAC, the parties are unable to identify with certainty all percipient witnesses and key documents in this case. Plaintiff is not a corporation and has no subsidiaries, parents, or affiliates. The Served Defendants identify the following subsidiaries, parents and affiliates for conflict purposes:

| PARTY | CONNECTION / INTEREST |
|---|---|
| RPM USA, LLC | |
| RPM-Maro LLC | |
| Maro Design LLC | |
| Haute Hue LLC | |
| 628 Holdings LLC | |
| Candian International Ltd. | |
| Elvira Kudryashova as Trustee of The Kasan Family Trust | |
| Dmitry Kudryashov as Trustee of The Kasan Family Trust | |
| Swiss Promotion Group SA | Parent of RPM USA, LLC |
| Armol Enterprises SA | Parent of Candian International LTD |
| DE Real Estate Investment | Member of 628 Holdings, LLC |
| Michelle Smirnov | Member of Haute Hue LLC |
| CAAHolding Company | Member of Maro Design LLC |

**V. <u>Insurance</u>**

Neither Plaintiff nor the Served Defendants are aware of any insurance coverage for Plaintiff's claims.

**VI. <u>Magistrate Judge</u>**

The parties do not consent to the appointment of a Magistrate Judge to preside over this action for all purposes.

## VII. Discovery

### A. Initial Disclosures

The parties agree to exchange initial disclosures under Federal Rule of Civil Procedure 26(a) by October 28, 2014. The parties do not propose any other changes to the timing, form, or requirement of initial disclosures under Rule 26(a).

### B. Subjects and Timing of Discovery

The parties intend to seek discovery regarding the issues identified below. With respect to timing, the parties propose that fact discovery end on December 18, 2015, and that expert discovery take place between January 8, 2016 and March 28, 2016, as set forth in the proposed schedule below. However, the parties reserve the right to seek modification of the proposed schedule to promote efficiency and fairness. The parties agree that fact discovery should not otherwise be conducted in phases or be limited to or focused on particular issues.

1. Plaintiff's Position

Plaintiff intends to seek discovery related to (1) the real estate and business transactions entered into in the United States by Defendants, using funds stolen from the people of Almaty and wrongfully laundered and concealed in the United States by Defendants, as described in detail in the FAC; (2) the source of the funds used by Defendants to engage in those transactions; (3) other transactions Defendants engaged in within the United States using funds stolen from the people of Almaty and wrongfully laundered and concealed in the United States; (4) the Defendants' knowledge of the illicit nature of the funds they used to enter into transactions in the United States and their intent in entering into such transactions; and (5) the location and amounts of funds and property held, either directly or indirectly, by Defendants and the traceability of those funds and properties to the funds Defendants looted from the people of Almaty. Because Defendants have systematically acted to launder and conceal from Plaintiff the funds they stole from

the people of Almaty, Plaintiff cannot at this time anticipate all topics of discovery, and Plaintiff therefore reserves the right to seek additional information as the case progresses.

2. Served Defendants' Position

To the extent any of Plaintiff's claims survive the Served Defendants' Motion to Dismiss, the Served Defendants intend to seek discovery related to each of Plaintiff's claims, including, without limitation, (a) the supposedly improper and illegal transactions alleged by Plaintiff, (b) Plaintiff's awareness, consent, participation, and/or ratification of the supposedly improper and illegal transactions, and (c) Plaintiff's alleged investigations into the Defendants' supposedly improper and illegal transactions. Because the allegations against Defendants are vague and based on events that occurred so long ago, the Served Defendants cannot anticipate at this time what specific discovery they will need to take, and reserve the right to seek additional information as the case progresses. Because Served Defendants expect that the bulk of discovery efforts will be focused on witnesses and documents in foreign jurisdictions, Served Defendants believe it is appropriate to allow more time for discovery than might otherwise be allotted. In addition, because many of the Defendants have not yet been served, the Served Defendants reserve the right to seek a modification of the discovery deadlines if doing so would promote efficiency and fairness.

**C. Electronically Stored Information**

The parties will meet and confer to develop mutual agreeable protocols for the production of ESI.

1. Plaintiff's Position

The transactions at issue in this lawsuit occurred primarily within the Central District of California and elsewhere in the United States. Plaintiff believes that evidence pertaining to the transactions detailed in the FAC will be located in the

Central District of California as well as in other jurisdictions. For example, as stated in the FAC, Plaintiff is aware of several additional sham business transactions orchestrated by Defendants in New York, and thus Plaintiff anticipates that evidence relating to those transactions may be located in New York. In addition, the funds used by Defendants to engage in the transactions detailed in the FAC likely originated outside the Central District of California, and Plaintiff expects to take discovery relating to the sources of such funds. Further, Plaintiff is unaware of the manner in which the Defendants have maintained records relating to the sham business and real estate transactions they have entered into, and anticipates the need to meet and confer with Defendants in order to ensure that any ESI is adequately searched for relevant documents.

2. Served Defendants' Position

Because the bulk of the documents pertaining to Plaintiff's allegations are likely to be located in foreign jurisdictions (*e.g.*, documents pertaining to the 80 supposedly illegal real estate transactions alleged to have occurred in Kazakhstan), the Served Defendants believe that issues could arise concerning access these documents and the transfer of such documents to the United States, particularly if those documents contain confidential information of a personal nature.

**D. Limitations on Discovery**

The parties do not propose any changes in the default limitations on discovery at this time.

**E. Expert Discovery**

The parties propose that expert disclosures occur after the close of fact discovery, as proposed in the schedule attached below. Initial expert reports and disclosures would be due on January 8, 2016, and rebuttal reports and disclosures would be due on February 5, 2016. All expert discovery would end by March 28, 2016.

**F. Other Issues**

1. Plaintiff's Position

As explained in the FAC, Plaintiff seeks redress for ongoing wrongdoing committed by Defendants in the United States, in violation of United States law. To the extent that some limited issues arise relating to peripheral extraterritorial issues, Plaintiff believes that the parties will be able to meet and confer to address those issues. Because the claims set forth in the FAC are based on domestic transactions, and to the extent that Defendants limit their discovery demands to relevant documents and witnesses, Plaintiff does not believe that insurmountable challenges will arise with respect to foreign discovery. Plaintiff does not agree with Served Defendants' assertion that the Court and the jury will need to become experts in foreign law in order to adjudicate claims premised mainly on domestic conduct.

2. Served Defendants' Position

To the extent any of Plaintiff's claims survive the Served Defendants' Motion to Dismiss, the Served Defendants believe the extraterritorial nature of Plaintiff's allegations will pose challenges for discovery and case management. Many of the documents and witnesses are expected to be in Europe and Asia. Many, if not most, of the documents will be in a foreign language, and foreign witnesses may not speak English. This foreign discovery may cause delays. In addition, the Court and, ultimately, the jury, will have to be educated about the law in various foreign jurisdictions during the relevant time period, likely through expert testimony by experts who may or may not speak English.

**VIII. Motions**

The Served Defendants currently have a Motion to Dismiss the FAC pending before the Court. That motion is set for hearing on November 6, 2014.

**A. Plaintiff's Position**

Plaintiff has named unidentified Doe defendants in its FAC. Plaintiff believes that discovery may yield the identity of additional individuals or entities liable, either directly or indirectly, for the racketeering activity and other illegal acts described in the FAC. Plaintiff will seek leave of Court to amend its FAC to insert the true names, capacity, and roles of the Doe defendants when the same have been ascertained.

**B. Served Defendants' Position**

The Served Defendants believe the Court should impose a deadline for Plaintiff's to seek leave to add parties, and for Plaintiff to identify any "Doe" defendants. The Served Defendants' proposed deadline is February 27, 2015.

## IX. Dispositive Motions

The parties intend to file dispositive or partially dispositive motions for summary judgment by the motion cutoff date. In the schedule below, the parties propose a motion cutoff date of April 15, 2016.

## X. Settlement/Alternative Dispute Resolution

No settlement discussions have yet taken place. While the parties agree that ADR Procedure No. 2 (mediation before a neutral from the Court Mediation Panel) under Local Rule 16-15.4 should eventually be employed, the parties also agree that any such proceeding would be premature pending the completion of basic discovery.

## XI. Pre-Trial Conference and Trial

The parties propose August 19, 2016 for the pre-trial conference and September 5, 2016 for the commencement of trial.

## XII. Trial Estimate

The parties currently estimate that a trial may take approximately 15 court days. Plaintiff has demanded a jury trial. While it is difficult to specify at this

early stage, Plaintiff estimates that it will call between 10 and 20 witnesses at trial, while the Served Defendants estimate that they will call no fewer than 10 witnesses at trial.

**XIII. Trial Counsel**

Jan Handzlik will be lead trial counsel on behalf of the Served Defendants. David Schindler will act as lead trial counsel on behalf of the Plaintiff.

**XIV. Independent Expert or Master**

The parties do not contemplate the appointment of a master or independent scientific expert at this time.

**XV. Complex Cases**

The parties do not believe that this case is sufficiently complex that the procedures of the Manual for Complex Litigation should be utilized.

**XVI. Proposed Schedule**

The parties have agreed to the below proposed general timeline. The parties reserve the right to seek modification of the proposed schedule to promote efficiency and fairness.

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | October 28, 2014 |
| Fact Discovery Cutoff | December 18, 2015 |
| Initial Expert Disclosures | January 8, 2016 |
| Rebuttal Expert Disclosures | February 5, 2016 |
| Expert Discovery Cutoff | March 28, 2016 |
| Motion Filing Cutoff | April 15, 2016 |
| Pretrial Conference | August 19, 2016 |
| Jury Trial | September 5, 2016 |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 23, 2014

LATHAM & WATKINS LLP
David J. Schindler
Kristen M. Tuey
Brigitte E. Mills

By /s/
Kristen M. Tuey
Attorneys for Plaintiff the City of Almaty

Dated: October 23, 2014

JAN LAWRENCE HANDZLIK, APC

By /s/
Jan L. Handzlik
Attorney for Defendants Elvira Khrapunov a/k/a Elvira Kudryashova, Dmitri Kudryashov, RPM USA, LLP, RPM-Maro LLC, Maro Design LLC, Haute Hue LLC, 628 Holdings LLC, Candian International Ltd., Elvira Kudryashova as Trustee of The Kasan Family Trust, and Dmitri Kudryashov as Trustee of The Kasan Family Trust