UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3650 FMO (CWx) | Date | January 16, 2015 |
|---|---|---|---|
| Title | City of Almaty v. Viktor Khrapunov, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Ex Parte Application

Having reviewed and considered all the briefing filed with respect to Plaintiff's Ex Parte Application for Enlargement of Time Within Which to Serve the Switzerland Defendants ("Application"), the court concludes as follows.

To warrant ex parte relief, plaintiff must satisfy two requirements. "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff seeks to extend the January 8, 2015, deadline to effectuate service on co-defendants Viktor Khrapunov, Leila Khrapunov, Iliyas Khrapunov, and Madina Ablyazova (collectively, the "Switzerland Defendants"). (See Order of December 8, 2014). The Court's Order of December 8, 2014, explained that plaintiff had failed to serve the Switzerland defendants, even though the case had been pending for "well over six months." (Id.). The Order stated that "[a]bsent exceptional circumstances, no further extensions of time will be granted to effect service on the Switzerland defendants." (Id.).

In its Application, plaintiff asserts that it "timely sought to serve the Switzerland Defendants via the Hague Convention," and that foreign service can be "unpredictable." (Application at 2). Plaintiff further argues that "[t]here is no indication that any delay has caused prejudice[.]" (Id.). In their opposition, co-defendants Elvira Khrapunov, Dmitry Kudryashov, RPM USA, LLC, RPM-Maro, LLC, Maro Design LLC, Haute Hue LLC, 628 Holdings LLC and Candian International Ltd. (collectively, "U.S.-based co-defendants") contend that plaintiff did not attempt to serve the Switzerland defendants in accordance with the Hague Convention until "after August 19, 2014, more than three months after filing the Complaint." (Opposition to Plaintiff's Ex Parte Application for Enlargement of Time Within Which to Serve the Switzerland Defendants ("Opp.") at 2) (footnote omitted). The U.S.-based co-defendants further argue that service under the Hague Convention in Switzerland would "likely be faster" than three months. (Id. at n. 3). They further assert that the Switzerland defendants would be prejudiced by the extension, for instance, due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3650 FMO (CWx) | Date | January 16, 2015 |
|---|---|---|---|
| Title | City of Almaty v. Viktor Khrapunov, et al. | | |

insufficient time to complete discovery and prepare for trial in this "complicated RICO action." (Opp. at 3).

Based on the current record, plaintiff has not met the standard set forth in Mission Power, as it has not demonstrated that "exceptional circumstances" warrant a further extension. Plaintiff filed the original complaint on May 13, 2014, (see Complaint), so plaintiff has had approximately eight months to serve the Switzerland defendants. Plaintiff concedes that it waited more than three months to "initiate[]" efforts to serve via the Hague Convention. (See Application at 1). Moreover, plaintiff failed to provide a declaration or other evidence explaining the status of its service attempts under the Hague Convention. (See, generally, Application, Declaration of [Counsel] Kristen M. Tuey in Support of Plaintiff's Ex Parte Application for Enlargement of Time Within Which to Serve the Switzerland Defendants). Thus, plaintiff has not demonstrated that it has taken all necessary steps to serve the Switzerland defendants, and that the delay is attributable to third parties such as the foreign authorities. Under the circumstances, the court is not persuaded that plaintiff is "without fault" as to the purported crisis, or that the "crisis occurred as a result of excusable neglect." Mission Power, 883 F.Supp. at 492.

In light of the foregoing, the court finds ex parte relief for plaintiffs is not warranted. See Mission Power, 883 F.Supp. at 493 ("Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have[.]") (internal quotations and citation omitted).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, plaintiff's Ex Parte Application **(Document No. 65)** is **denied**. Defendants Viktor Khrapunov, Leila Khrapunov, Iliyas Khrapunov, and Madina Ablyazova are **dismissed without prejudice**.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | VDR |