LATHAM & WATKINS LLP
  David J. Schindler (Bar No. 130490)
    david.schindler@lw.com
  Manny Abascal (Bar No. 171301)
    manny.abascal@lw.com
  Julie R. F. Gerchik (Bar No. 237764)
    julie.gerchik@lw.com
  Kristen M. Tuey (Bar No. 252565)
    kristen.tuey@lw.com
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Attorneys for Plaintiff the City of Almaty

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY, a foreign state,<br><br>           Plaintiff,<br><br>      v.<br><br>VIKTOR KHRAPUNOV, an individual, *et al.*,<br><br>           Defendants. | Case No. CV14-3650-FMO-CW<br><br>Judge: Hon. Fernando M. Olguin<br>Magistrate Judge: Hon. Carla Woehrle<br><br>**[DISCOVERY MATTER]**<br><br>**PLAINTIFF CITY OF ALMATY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S INTERROGATORIES (SET ONE) AND REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE) BY DEFENDANTS**<br><br>*[Declaration of Kristen M. Tuey filed concurrently herewith]*<br><br>Hearing Date: June 23, 2015<br>Time: 10:00 a.m.<br>Court Room: 640<br><br>Action Filed: May 13, 2014 |

## I. INTRODUCTION

Defendants Elvira Khrapunova, Dmitri Kudryashov, and various entities owned or controlled by them or their family members (collectively, "Defendants") have spent over twenty years engaging in a variety of elaborate schemes designed to launder and conceal millions of dollars that they helped their family embezzle from Plaintiff the City of Almaty ("Almaty"). Defendants' money laundering activities have stretched around the world, from Kazakhstan to Switzerland and now to the Central District of California where Defendants seek a safe haven to enjoy their stolen wealth with impunity.

In an effort to further their money laundering and concealment of funds and to thwart Almaty's efforts to discover the extent of Defendants' money laundering scheme through this action, Defendants have refused to respond to the vast majority of discovery requests issued to them and have failed to produce *a single document*. Defendants have further engaged in a subtle campaign of delay by refusing to engage in a meaningful meet and confer process after making myriad unfulfilled promises to supplement some of their interrogatory responses – without specifying which responses they would supplement, in what way, or when. Now, nine weeks since the interrogatories were served and two weeks since Defendants promised to do so, Defendants still have not supplemented a single interrogatory response. Therefore, Almaty has no choice but to seek the Court's assistance to force Defendants to comply with their discovery obligations.

## II. FACTUAL BACKGROUND

Almaty served its first set of Interrogatories and Requests for Production on each Defendant on April 2, 2015 (the "Requests"). Defendants served Responses and Objections on May 4, 2015 (the "Responses"). With only a small handful of exceptions, Defendants either (1) refused to answer the Requests, or (2) improperly limited their Responses to transactions and entities specifically named and

LATHAM&WATKINS LLP DC\3888393.2
ATTORNEYS AT LAW
LOS ANGELES

1

ALMATY'S SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES AND PRODUCTION OF DOCUMENTS

described in the Second Amended Complaint.  (*See* Declaration of Kristen M. Tuey in support of Supplemental Memorandum ("Tuey Decl."), ¶ 2, Ex. A.)

On May 6, 2015, counsel for Almaty initiated meet and confer discussions regarding the Responses.  (*Id.*)  The parties held a single meet and confer teleconference on May 11, during which Defendants' counsel indicated that Defendants *may* be willing to supplement *some* of their Responses, but would not be able to make any definitive agreements until the following week.  The parties then scheduled a second meet and confer teleconference for May 19, which Defendants' counsel later cancelled.  (*Id.*, ¶ 3, Ex. B.)

On May 20, Defendants' counsel stated that he was not prepared to continue the meet and confer discussions.  (*See* Tuey Decl., ¶ 4, Ex. C.)  In response, Almaty's counsel requested that Defendants' counsel advise whether Defendants were willing to supplement their Responses.  (*Id.*)  On May 21, Almaty's counsel again inquired as to whether Defendants planned to supplement their Responses. (*See* Tuey Decl., ¶ 5, Ex. D.)  Almaty's counsel further explained that, having received no response regarding Defendants' willingness to supplement, Almaty intended to seek Court intervention via a Motion to Compel.  (*Id.*)  Defendants' counsel responded that the Defendants intended to supplement some of their Responses, but preempted the entire meet and confer process by stating that "I suspect you may not be completely satisfied with the additional information," and furthermore, failed to specify which responses Defendants were willing to supplement, in what way, or by when.  (*Id.*)

As a result of Defendants' continued delays, on May 22, after submitting multiple requests to Defendants for additional information – all of which Defendants failed to respond to – Almaty served its portion of the joint stipulations and necessarily included all Requests because Defendants either refused to answer or improperly limited each and every Response.  In the face of the sheer number of Requests to which Defendants failed to respond, Defendants' counsel then was

forced to request additional time from the Court to provide Defendants' arguments in light of their wholesale refusal to comply with their discovery obligations. Almaty did not oppose Defendants' request for additional time, and the Court granted Defendants an extension of time in which to respond. Accordingly, on June 5, 2015, Almaty filed its Motion to Compel, including the Joint Stipulations which set forth in exhaustive detail the myriad shortcomings in Defendants' Responses.[1]

To date, Defendants still have not responded – let alone, substantively – to the vast majority of the Requests, they have not supplemented their deficient Responses, and they have not produced *a single document*. The Court should not countenance their continued efforts to avoid being held accountable for their theft of funds from the people of Almaty. Defendants should be ordered to provide full and complete Responses and to produce all non-privileged documents responsive to the Requests by no later than June 30, 2015.

## III.  ARGUMENT

Defendants have spent over twenty years seeking to evade attempts to reclaim the millions of dollars they systematically stole from the people of Almaty. Since 2010, they have been using the United States – including the Central District of California – as a haven for their money laundering schemes. Those schemes have been complex and sophisticated, involving multiple layers of sham entities upon sham entities and the use of false identities. Although Almaty has, through

---

[1] After repeatedly refusing to respond substantively to Almaty's meet and confer attempts, in the Joint Stipulations Defendants concede that their Responses were inadequate and offer, *for the first time*, to produce certain limited documents and supplement certain Interrogatory responses. (*See, e.g.,* Joint Stipulation Regarding Motion to Compel Further Responses and Production of Documents from Defendant Elvira Khrapunova ("Elvira Khrapunova Joint Stip."), 5:24-6:5.)  This vague proposal, which lacks any information regarding what, precisely, Defendants are offering to produce, what information they are willing to provide, and by when, is insufficient to cure their repeated refusals to meet and confer in good faith, and cannot obviate the need for the Court's intervention.

its own investigation, uncovered several of the Defendants' convoluted schemes, Almaty is under no illusion that it has discovered all of the myriad ways Defendants have sought to hide the funds they embezzled and to escape being held accountable for their crimes. The Requests are specifically tailored to identify those schemes, and uncover the web of sham entities and accomplices Defendants used to further their criminal enterprise to the detriment of the people of Almaty.

For example, in an attempt to trace Defendants' embezzled funds, Almaty sought information regarding financial transactions entered into by the Defendants or on their behalf. (*E.g.*, Elvira Khrapunova Joint Stip., 56:1-57:16.) Defendants refused to respond. (*Id.*) Similarly, Almaty sought documents relating to financial transactions between Defendants or their entities. (*Id.*, 100:4-101:4.) On May 4, Defendants improperly refused to produce any documents except those related specifically to transactions described in the Second Amended Complaint. (*Id.*) And, to date they *still* have not produced one single document.

As another example, in an attempt to identify other potential sham companies used by Defendants to launder stolen funds, Almaty sought from the individual Defendants the name and business address of any entity for which each Defendant has served as an officer or director. (*E.g.*, Elvira Khrapunova Joint Stip., 11:16-12:18.) In response, Defendants refused to provide any information regarding any entity not specifically named as a Defendant in the Second Amended Complaint. (*Id.*) Almaty also sought from the entity Defendants the identities of each person who has served as an officer or director for those entities. (*E.g.*, Joint Stipulation Regarding Motion to Compel Further Responses and Production of Documents from Defendant Haute Hue LLC, 8:3-9:2.) The entity Defendants refused to respond as to any person not named as a Defendant in the Second Amended Complaint. (*Id.*) Almaty served a Request seeking communications relating to financial transactions by and between Defendants, to which Defendants responded with only objections. (*E.g.*, Elvira Khrapunova Joint Stip., 139:6-28.)

The close of fact discovery is, as of now, July 3. Defendants are impermissibly withholding this information until the last possible moment in order to hinder Almaty's attempts at learning the factual information it needs – and to which it is entitled – in order to fully make use of the discovery process.

Defendants attempt to justify their wholesale refusal to comply with their discovery obligations by arguing that the Requests somehow seek irrelevant information or are overbroad. While neither objection is an appropriate basis to resist compliance, even a simple reading of the Requests shows that each is tailored to identify additional vehicles the Defendants used in furtherance of their crimes or to trace assets held by the Defendants to funds stolen from Almaty. Given the nature of the instant action, nothing could be more relevant or more appropriately the subject of a discovery request.

Defendants have improperly limited their responses or, more often, refused altogether to respond to proper discovery Requests. Prior to Almaty bringing this Motion, Defendants also refused to meet and confer in good faith, cancelling and refusing to re-schedule teleconferences, and making nothing but vague promises of compliance. Their tactics should not be tolerated. Defendants should be compelled to respond completely and substantively to all Requests immediately, in light of the impending discovery cut-off.

## IV. CONCLUSION

For the reasons stated above, and as explained in more detail in the Joint Stipulations filed June 5, 2015 by order of the Court, Defendants should be compelled to provide full and complete responses to all Interrogatories and produce all non-privileged documents responsive to all Requests for Production.

Dated: June 9, 2015                    LATHAM & WATKINS LLP

By: ____/s/_____
David J. Schindler
Manny A. Abascal
Attorneys for Plaintiff City of Almaty