1  | LATHAM & WATKINS LLP
2  | David J. Schindler (Bar No. 130490)
   |   *david.schindler@lw.com*
   | Manny Abascal (Bar No. 171301)
3  |   *manny.abascal@lw.com*
   | Julie R. F. Gerchik (Bar No. 237764)
4  |   *julie.gerchik@lw.com*
   | Kristen M. Tuey (Bar No. 252565)
5  |   *kristen.tuey@lw.com*
   | 355 South Grand Avenue
6  | Los Angeles, California  90071-1560
   | Telephone:  +1.213.485.1234
7  | Facsimile:  +1.213.891.8763
8  | Attorneys for Plaintiff the City of Almaty

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| CITY OF ALMATY, a foreign state, | Case No. CV14-3650-FMO-CW |
|---|---|
| Plaintiff, | Judge:  Hon. Fernando M. Olguin<br>Magistrate Judge:  Hon. Carla Woehrle |
| v. | **[DISCOVERY MATTER]** |
| VIKTOR KHRAPUNOV, an individual, *et al.*, | **PLAINTIFF CITY OF ALMATY'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES** |
| Defendants. | Hearing Date:  June 30, 2015<br>Time:  10:00 a.m.<br>Court Room:  640 |
| | Action Filed:  May 13, 2014 |

LATHAM&WATKINS LLP  DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES

I.    INTRODUCTION

Defendants Elvira Khrapunova, Dmitri Kudryashov, and various entities owned or controlled by them or their family members (collectively, "Defendants") have spent over twenty years laundering and concealing millions of dollars they helped embezzle from Plaintiff the City of Almaty ("Almaty").  Their criminal activities have stretched around the world, from Kazakhstan to Switzerland to the United States, and authorities from multiple countries have launched ongoing criminal investigations into the wrongdoing.  Defendants now seek to use this litigation to obtain information to defend those criminal investigations.  Defendants demand, among other things, the identities of every investigator and agency currently investigating them, the identities of all informants who have provided evidence against them, and other evidence developed or obtained by law enforcement agencies around the world.  These demands are clearly improper.

Almaty has responded to the Interrogatories to the best of its knowledge, information and belief, without waiving privilege, and after a reasonable inquiry.  To that end, Almaty served its responses to the Interrogatories on April 21, 2015 in compliance with the Court's order (Dkt. 81) and, following a meet and confer teleconference, served supplemental responses on May 22, 2015.  Almaty now has provided Defendants with all non-privileged information available to it at this time.  Pursuant to its discovery obligations, should Almaty acquire additional responsive, non-privileged information, it will amend and/or supplement its responses accordingly.  As such, Defendants' Motion to Compel has no merit and should be denied in its entirety.

II.    ARGUMENT

A.    Almaty Has No Ability to Provide Information That Is Not Within Its Knowledge, Information or Belief

Defendants' contention that Almaty must provide answers about topics that are not within Almaty's knowledge, information or belief is incorrect, contrary to

LATHAM&WATKINS LLP DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

1

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES

1   the Federal Rules of Civil Procedure, and defies common sense.  It is both legally

2   and practically impossible for Almaty to provide information it does not have and

3   cannot obtain.  Nevertheless, Defendants argue that Almaty should be held

4   responsible for providing information known to all other agencies throughout the

5   Kazakhstan government.  Defendants cite no authority in support of their

6   proposition other than a conclusory declaration that does not come close to making

7   the required showing.

8           "The burden of establishing control [] rests with the demanding party,"

9   *Amtrak*, 233 F.R.D. at 268.  The question of control turns on whether "the party is

10  legally entitled to" or "has the practical ability to acquire" information from a

11  third-party.  *Gross v. Lunduski*, 304 F.R.D. 136 (W.D.N.Y. 2014).  In *Amtrak*, the

12  court denied a motion to compel production of documents in the possession of the

13  New York Office of the State Comptroller from Plaintiff New York Department of

14  Transportation.  The court reasoned that "DOT and OSC are not interrelated

15  agencies, do not have a similar mission, and are situated at different spectrums of

16  New York State governance . . . They . . . do not have the ability to share or control

17  the other agency's agenda, documents or personnel."  *Id*. at 264-65.  The court also

18  held that there was no basis for Amtrak's claim that either DOT or the Governor of

19  New York had control of OCS's documents and, in fact, that there was evidence

20  that DOT did not have access "without OSC's permission or the employment of a

21  subpoena."  *Id*. at 268.

22          Defendants here have submitted a declaration from a non-party that claims

23  the mayor of Almaty reports to the President of Kazakhstan.  However, this is the

24  same flawed argument advanced by the defendant in *Amtrak* regarding the New

25  York Governor, who had ultimate oversight of both OCS and DOT, and it has been

26  squarely rejected by the *Amtrak* court and others.  *Id*. at 268; *United States ex rel.*

27  *Kester v. Novartis Pharm. Corp.*, 2014 U.S. Dist. LEXIS 164222 (S.D.N.Y. Nov.

28  24, 2014) ("the mere fact that a state or a state agency sues does not mean that the

LATHAM&WATKINS LLP DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

2

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES

1   records of all state agencies may be discovered[.] Rather, there must be a showing

2   that the agency at issue has control over requested information"); *Colo. v. Warner*

3   *Chilcott Holdings Co. III, Ltd.*, 2007 U.S. Dist. LEXIS 102652 (D.D.C. May 8,

4   2007) (the court "will not aggregate separate state government agencies without a

5   strong showing [of control] by defendants").

6          Here, Almaty does not exercise control over other Kazakhstan government

7   agencies or their investigatory files and Defendants cannot and do not prove

8   otherwise.  In fact, Defendants do not submit one iota of evidence showing that

9   Almaty has access to or control over information known to any other agency –

10  because Almaty does not.  The ongoing investigation in Kazakhstan into the

11  Defendants' crimes is being conducted by the Anti-Corruption Service of the

12  Republic of Kazakhstan (the "Financial Police").  Almaty is only the victim of

13  Defendants' crimes, and does not control the Financial Police's investigation, nor

14  does it have access to or control over the Financial Police's investigatory files.

15  (*See* Declaration of Bauyrzhan Darmanbekov, ¶ 3, Dkt. 98-8.)  Defendants have

16  utterly failed to meet their burden.

17        **B.      The Law Enforcement Investigatory Privilege Prevents
                    Disclosure of Information Relating to Investigations into
18                  Defendants' Crimes**

19        The very nature of the Defendants' Interrogatories, which involve accused

20  criminals demanding information about criminal investigations into their

21  wrongdoing, implicates the law enforcement investigatory privilege.  That

22  privilege prevents disclosure of law enforcement techniques and procedures and is

23  intended to preserve the confidentiality of sources, protect witnesses and law

24  enforcement personnel, safeguard the privacy of individuals involved in

25  investigations, and prevent interference with investigations. *E.g. Jones v. City of*

26  *Indianapolis* (S.D. IN. 2003) 216 F.R.D. 440, 443-444; *Kerr v. United States Dist.*

27  *Court*, 511 F.2d 192, 198 (9th Cir. 1975); *Al-Kidd v. Gonzales*, 2007 U.S. Dist.

28  LEXIS 90548 (D. Idaho Dec. 10, 2007).

LATHAM&WATKINS LLP DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

3

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES

1    In response to Defendants' Interrogatories, Almaty requested information

2  from the Financial Police.  The Financial Police, however, declined to provide the

3  information requested on the basis that doing so would interfere with their interest

4  in solving crime, and protecting the identities of individuals providing testimony

5  would jeopardize the safety of witnesses and investigators, and may lead to

6  additional crimes.  (*See* Declaration of Sergey Perov ("Perov Decl."), ¶¶ 5, 7, 8-11,

7  Dkt. 98-9; Declaration of Ulukbek Maxatbekuulu ("Maxatbekuulu Decl."), ¶¶ 8-

8  11, Dkt. 98-10.)  As explained by Sergey Perov, the Deputy Chief of the

9  Department for Pre-Court Criminal Investigations of the Financial Police,

10 Defendants' Interrogatories seek "confidential information [disclosure of which]

11 would be harmful to the [] ongoing investigation."  (Perov Decl., ¶ 6.)  Mr. Perov

12 explains that "[i]nvestigators are still pursuing leads that would be revealed

13 through disclosure of [] confidential documents, which include lists of potential

14 witnesses and documents that show the nature of key evidence.  Disclosure may

15 reveal details of the investigation to perpetrators or their accomplices that are still

16 at large, allowing them to escape arrest or conceal assets."  (*Id.*; *see also*

17 Maxatbekuulu Decl., ¶¶ 8-11.)  The Financial Police's investigation into the

18 Defendants' crimes remains ongoing, (*id.*), further highlighting the potential

19 damage that would be caused by disclosure.  *See Kerr*, 511 F.2d at 198.  As such,

20 information in the possession of the Financial Police is protected from disclosure

21 by the law enforcement investigatory privilege and is not discoverable.

22         **C.     Almaty Cannot Provide Privileged Information or Information it
              is Prohibited by Law from Disclosing**

23         Defendants do not argue that information communicated to Almaty's U.S.

24 attorneys is subject to disclosure, as they cannot, since the attorney-client privilege

25 specifically protects such information.  *See, e.g., United States v. Richey*, 632 F.3d

26 559, 566 (9th Cir. 2011).  Similarly, to the extent that any information was

27 communicated to Almaty's Kazakhstan attorneys, including prosecutors

28

LATHAM&WATKINSᴸᴸᴾ DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

4

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES

1  investigating the Defendants' crimes, it too is protected from disclosure by

2  Kazakhstan's analogous privilege, entitled "On Advocate Activity," which

3  provides that communications between an advocate (attorney) and client (as well

4  as the advocate's work product) cannot be disclosed.

5       Defendants also improperly demand that Almaty disclose information about

6  other countries' law enforcement investigations into Defendants' crimes.  For

7  example, according to public reports, the Swiss authorities have launched a

8  criminal investigation into Defendants' money laundering activities and have

9  frozen Defendants' assets.  Article 293 of the Swiss Criminal Code, however,

10  makes it a crime to disclose information about any Swiss government

11  investigations and thus, even if Almaty had information relating to the Swiss

12  investigation, Almaty would be prohibited by law from disclosing that information.

13  Defendants incorrectly claim that Article 293 is intended to protect the privacy of

14  persons subject to investigation and thus should not shield information from

15  disclosure to them.  But Defendants cite no authority for their interpretation of

16  Article 293, which explicitly makes it a crime to disclose information about Swiss

17  government investigations and contains no exception for disclosure to those under

18  investigation.  (*See* Declaration in Support of Notice Pursuant to Rule 44.1, Ex. A,

19  Dkt. 84-2.)  Defendants' demand that Almaty disclose information about the Swiss

20  criminal investigation should be categorically denied.

21  **III.   CONCLUSION**

22       For the foregoing reasons, Almaty respectfully submits that Defendants'

23  Motion to Compel should be denied.

24  Dated:  June 16, 2015                    LATHAM & WATKINS LLP

25

26                                          By:  ___/s/_____
                                                  David J. Schindler
27                                                Manny A. Abascal
                                                  Julie R. F. Gerchik
28                                                Kristen M. Tuey
                                           Attorneys for Plaintiff City of Almaty

LATHAM&WATKINS LLP  DC\3902819.1
ATTORNEYS AT LAW
LOS ANGELES

5

ALMATY'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO MOTION TO COMPEL
FURTHER INTERROGATORY RESPONSES