LATHAM & WATKINS LLP
   David J. Schindler (Bar No. 130490)
     *david.schindler@lw.com*
   Manny Abascal (Bar No. 171301)
     *manny.abascal@lw.com*
   Julie R. F. Gerchik (Bar No. 237764)
     *julie.gerchik@lw.com*
   Kristen M. Tuey (Bar No. 252565)
     *kristen.tuey@lw.com*
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  +1.213.485.1234
Facsimile:  +1.213.891.8763

Attorneys for Plaintiff the City of Almaty

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**NOTE CHANGES MADE BY COURT**

| | |
|---|---|
| CITY OF ALMATY, a foreign state,<br><br>                    Plaintiff,<br><br>          v.<br><br>VIKTOR KHRAPUNOV, an individual, *et al.*,<br><br>                    Defendants. | Case No. CV14-3650-FMO-CW<br><br>Judge:  Hon. Fernando M. Olguin<br>Magistrate Judge:  Hon. Carla Woehrle<br><br>**[DISCOVERY MATTER]**<br><br>~~STIPULATION FOR~~ **PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS AND INFORMATION**<br><br>Action Filed:  May 13, 2014 |

LATHAM&WATKINS LLP DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1   WHEREAS, the Parties agree on the form of protective order (the "Third-Party

2   Protective Order") as described further below, so that Third-Party Producers may, if appropriate,

3   seek confidential treatment of materials they produce in the above-captioned matter:

4   WHEREAS, nothing herein shall prescribe or modify the existing obligations between

5   the Parties, or any obligations undertaken pursuant to a protective order that the Parties negotiate

6   to govern their exchange of documents;

7   WHEREAS, the Parties agree that nothing herein shall prejudice the Parties' right to seek

8   modifications to this Third-Party Protective Order, or any protective order that the Parties enter

9   into in the future;

10   WHEREAS, by and between the Parties to *City of Almaty v. Khrapunov, et al.*, including

11   Hilton & Hyland Real Estate, Inc. ("Hilton & Hyland") and David Bolno (the buyer of certain

12   real property located on Lockridge Drive which is subject to a non-disclosure agreement,

13   hereinafter "Bolno"), by and through their respective counsel of record, in order to facilitate the

14   production of information and documents which may be subject to confidentiality limitations on

15   disclosure due to international laws, foreign laws, federal laws, state laws, and privacy rights,

16   enter into the subject Stipulation for Protective Order;

17   Accordingly, the Parties hereby stipulate as follows:

18   **1.**   In this Third-Party Protective Order, the words set forth below shall have the following

19   meanings:

20   **A.**   "Proceeding" means the above-entitled proceeding, Case No. CV14-3650-FMO-

21   CW.

22   **B.**   "Court" means the Hon. Fernando M. Olguin, the Hon. Carla M. Woehrle, or any

23   other judge to which this Proceeding may be assigned, including Court staff

24   participating in such proceedings.

25   **C.**   "Confidential" means any information which is in the possession of a

26   Designating Party who believes in good faith that such information is entitled to

27   protection as private, proprietary, sensitive or otherwise non-publicly available

28   information, the disclosure of which without restriction would be a violation of

LATHAM&WATKINS LLP DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

1

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1         privacy rights or detrimental to any party in the conduct of its business, that is

2         not, or has not become public knowledge, as shown by publicly available

3         writings, other than through violation of the terms of this Protective Order.

4   **D.**    "Confidential Materials" means any Documents, Testimony or Information as

5         defined below designated as "CONFIDENTIAL – SUBJECT TO A

6         PROTECTIVE ORDER" pursuant to the provisions of this Third-Party

7         Protective Order.  Notwithstanding any designation requirements herein, any and

8         all documents and materials produced by Hilton & Hyland and David Bolno

9         shall be Confidential Materials.  Because the documents are subject to a separate

10       non-disclosure agreement between Hilton & Hyland and Bolno, there may be

11       redactions concerning the identity of Bolno, and such redactions shall be deemed

12       accepted and will not be challenged by the Parties or their counsel.

13   **E.**    "Designating Party" means  Hilton & Hyland and Bolno and their respective

14       agents and representatives.

15   **F.**    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or

16       make available Materials, or any part thereof, or any information contained

17       therein.

18   **G.**   "Documents" means (i) any documents, electronically stored information, or

19       designated tangible things, as defined by Rule 34(a)(1)(A) and (B) of the Federal

20       Rules of Civil Procedure, which have been produced in discovery in this

21       Proceeding by any person, and (ii) any copies, reproductions, or summaries of all

22       or any part of the foregoing.

23   **H.**   "Information" means the content of Documents or Testimony.

24   **I.**     "Testimony" means all depositions, declarations or other testimony taken or used

25       in this Proceeding.

26 **2.**     The Designating Party shall have the right to designate as "CONFIDENTIAL –

27 SUBJECT TO A PROTECTIVE ORDER" any Documents, Testimony or Information that the

28 Designating Party in good faith believes qualifies under the definition set forth in 1.C, above.

LATHAM&WATKINS<sup>LLP</sup> DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

2

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

3.      The entry of this Third-Party Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.      All Documents, Testimony or Information to be designated as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" may be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The Parties may agree that the case name and number are to be part of the Confidential designation.  The Confidential designation should not obscure or interfere with the legibility of the designated Information.  A party may designate as Confidential under the terms of this Third-Party Protective Order any Material containing information that is of a sensitive and private nature, is proprietary, or would otherwise cause harm to the interests of the disclosing party if such information were disclosed to the public.  All Documents, Testimony and Information produced by Designating Party shall be Confidential notwithstanding the lack of the designation described herein.

5.      For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party may affix the legend "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" on each page of any Document containing such designated Confidential Material.  All Documents, Testimony and Information produced by Designating Party shall be Confidential notwithstanding the lack of the designation described herein.

6.      For Testimony given in depositions the Designating Party may either:

   A.      identify on the record, before the close of the deposition, all Confidential Testimony, by specifying all portions of the Testimony that qualify as Confidential.  Any deposition of Zach Goldsmith, including the transcript and any related materials are Confidential Materials; or

   B.      designate the entirety of the Testimony at the deposition as Confidential (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt

1   of the deposition transcript, but if the Party fails to identify such specific portions

2   within 30 days than none of the deposition shall be designated "Confidential."  In

3   circumstances where portions of the deposition Testimony are designated for

4   protection, the transcript pages containing Confidential Information may be

5   separately bound by the court reporter, who must affix to the top of each page the

6   legend "CONFIDENTIAL," as instructed by the Designating Party.

7   **7.**      For Information produced in some form other than Documents, and for any other tangible

8   items, including, without limitation, compact discs or DVDs, the Designating Party may affix in

9   a prominent place on the exterior of the container or containers in which the Information or item

10  is stored the legend "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER."  If only

11  portions of the Information or item warrant protection, the Designating Party, to the extent

12  practicable, may identify the Confidential portions.  All Documents, Testimony and Information

13  produced by Designating Party shall be confidential notwithstanding the lack of the designation

14  described herein.

15  **8.**      The inadvertent production by any Third-Party of any Document, Testimony or

16  Information during discovery in this Proceeding without a Confidential designation, shall be

17  without prejudice to any claim that such item is Confidential and such Designating Party shall

18  not be held to have waived any rights by such inadvertent production.  In the event that any

19  Document, Testimony or Information that is subject to a Confidential designation is

20  inadvertently produced without such designation, the Designating Party that inadvertently

21  produced the document shall give written notice of such inadvertent production within twenty

22  (20) days of discovery of the inadvertent production, together with a further copy of the subject

23  Document, Testimony or Information designated as "CONFIDENTIAL – SUBJECT TO A

24  PROTECTIVE ORDER" (the "Inadvertent Production Notice").  Upon receipt of such

25  Inadvertent Production Notice, the Party that received the inadvertently produced Document,

26  Testimony or Information shall promptly destroy the inadvertently produced Document,

27  Testimony or Information and all copies thereof, or, at the expense of the Designating Party,

28  return such together with all copies of such Document, Testimony or Information to counsel for

LATHAM&WATKINS LLP DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

4

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1   the Designating Party and shall retain only the designated Materials.  Should the receiving Party

2   choose to destroy such inadvertently produced Document, Testimony or Information, the

3   receiving Party shall notify the Designating Party in writing of such destruction within ten (10)

4   days of receipt of written notice of the inadvertent production.  This provision is not intended to

5   apply to any inadvertent production of any Information protected by attorney-client or work

6   product privileges.  In the event that this provision conflicts with any applicable law regarding

7   waiver of confidentiality through the inadvertent production of Documents, Testimony or

8   Information, such law shall govern.

9   **9.**     In the event that any Document or Information purportedly containing or constituting

10   privileged material, including attorney-client communications or attorney work product, is

11   inadvertently produced, the Designating Party that inadvertently produced the document shall

12   give written notice of such inadvertent production within fourteen (14) days of discovery of the

13   inadvertent production of privileged material.  Upon receipt of such notification, the receiving

14   Party shall promptly return to counsel for the producing Party any and all copies of such

15   Document or Information and thereafter refrain from any use whatsoever, in this case or

16   otherwise, of such Document or Information.  The inadvertent production of any Document or

17   Information for which a claim of privilege or work-product doctrine is subsequently asserted by

18   the Designating Party shall not constitute a subject matter waiver of a valid claim or privilege or

19   the work-product doctrine as to any other document or Information in the possession of the

20   Designating Party, or as to any communication or information within the knowledge of the

21   Designating Party.

22   **10.**    In the event that counsel for a Party receiving Documents, Testimony or Information in

23   discovery designated as "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" objects

24   to such designation with respect to any or all of such items, said counsel shall advise counsel for

25   the Designating Party, in writing, of such objections, the specific Documents, Testimony or

26   Information to which each objection pertains, and the specific reasons and support for such

27   objections (the "Designation Objections").  Counsel for the Designating Party shall have

28   fourteen (14) days from receipt of the written Designation Objections to either (a) agree in

LATHAM&WATKINS LLP DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

5

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1  writing to de-designate Documents, Testimony or Information pursuant to any or all of the

2  Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all

3  designations on Documents, Testimony or Information addressed by the Designation Objections

4  (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any

5  and all existing designations on the Documents, Testimony or Information at issue in such

6  Motion shall remain in place.  Any designations by David Bolno are not subject to challenge by

7  the Parties.

8  **11.**       Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall

9  be permitted only to the following persons if Exhibit A is signed and delivered to Designating

10  Party (where Exhibit A is required as indicated below) prior to being provided access and/or

11  disclosure:

12       **A.**       the Court if filed separately under seal;

13       **B.**       Attorneys of record in the Proceedings and their affiliated attorneys, paralegals,

14              professionals, and clerical and secretarial staff employed by such attorneys and

15              persons who are actively involved in the Proceedings;

16       **C.**       Client, including in-house counsel and employees to the undersigned Parties and

17              their affiliated professionals, paralegals, investigators, consultants, and clerical

18              and secretarial staff employed by such counsel; provided, however, that each

19              non-lawyer given access to Confidential Materials under this subsection (C) shall

20              be advised that such Materials are being Disclosed pursuant to, and are subject

21              to, the terms of this Stipulation and Protective Order and that they may not be

22              Disclosed other than pursuant to its terms, and the signature of such person shall

23              be secured on a statement in the form attached hereto as Exhibit A;

24       **D.**       those officers, directors, partners, members, and employees of all non-

25              designating Parties that counsel for such Parties deems necessary to aid counsel

26              in the prosecution and defense of this Proceeding; provided, however, that prior

27              to the Disclosure of Confidential Materials to any such officer, director, partner,

28              member, investigator, consultant, or employee, counsel for the Party making the

LATHAM&WATKINS LLP  DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

6

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1    Disclosure shall deliver a copy of this Stipulation and Protective Order to such

2    person, shall explain that such person is bound to follow the terms of such Order,

3    and shall secure the signature of such person on a statement in the form attached

4    hereto as Exhibit A;

5    **E.**    court reporters in this Proceeding (whether at depositions, hearings, or any other

6    proceeding);

7    **F.**    any deposition, trial or hearing witness in the Proceeding who previously has had

8    access to the Confidential Materials, or who is currently or was previously an

9    officer, director, partner, member, employee, or agent of an entity that has had

10    access to the Confidential Materials, or who is discussed or referenced in the

11    specific Confidential Material;

12    **G.**    outside counsel, outside experts or expert consultants consulted by the

13    undersigned Parties or their counsel in connection with the Proceeding, whether

14    or not retained to testify at any oral hearing; provided, however, that prior to the

15    Disclosure of Confidential Materials to any such expert or expert consultant,

16    counsel for the Party making the Disclosure shall deliver a copy of this

17    Stipulation and Protective Order to such person, shall explain its terms to such

18    person, and shall secure the signature of such person on a statement in the form

19    attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning

20    of any breach or threatened breach of this Stipulation and Protective Order by

21    any such expert or expert consultant, to promptly notify counsel for the

22    Designating Party of such breach or threatened breach;

23    **H.**    any mediator appointed by the Court or agreed to by the Parties and with

24    reasonable consent by Designating Party;

25    **I.**    any other person that the Designating Party agrees to in writing; and

26    **J.**    to any other party if required by applicable law.

27

28

LATHAM&WATKINS<sup>LLP</sup> DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

7    PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

**12.** Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

**13.** Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    **A.** operate as an admission by any person that any particular Document, Testimony or Information herein or otherwise marked "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" contains or reflects proprietary, confidential or sensitive business, commercial, financial or personal information; or

    **B.** prejudice in any way the right of any Party:

        **1.** to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as Confidential under the terms of this Third-Party Protective Order; or

        **2.** to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Third-Party Protective Order, either generally or as to any particular Document, Material or Information.

**14.** Any Party to the Proceeding who has not executed this Third-Party Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Third-Party Protective Order by its counsel's signing and dating a copy thereof and serving copies upon the other Parties to this Stipulation and Protective Order.

**15.** If, after execution of this Third-Party Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Third-Party Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Third-Party Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

**16.** This Third-Party Protective Order is entered into without prejudice to the right of any Designating Party to knowingly waive the applicability of this Third-Party Protective Order to

1   any Confidential Materials designated by that Designating Party.  If the Designating Party uses

2   Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that

3   the designation no longer applies.

4   **17.**     Where any Confidential Materials, or Information derived from Confidential Materials, is

5   included in any motion or other proceeding governed by the Central District of California Local

6   Rule 79-5, the party shall follow that rule.

7   **18.**     The Parties and Designating Party shall meet and confer regarding the procedures for use

8   of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

9   **19.**     Nothing in this Third-Party Protective Order shall affect the admissibility into evidence

10  of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue

11  other appropriate judicial action with respect to any ruling made by the Court concerning the

12  issue of the status of Confidential Material.

13  **20.**     This Third-Party Protective Order shall continue to be binding after the conclusion of this

14  Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may

15  seek the written permission of the Designating Party or may move the Court for relief from the

16  provisions of this Third-Party Protective Order.  To the extent permitted by law, the Court shall

17  retain jurisdiction to enforce, modify, or reconsider this Third-Party Protective Order, even after

18  the Proceeding is terminated.

19  **21.**     Within thirty (30) days after the settlement or other final termination of the Proceeding,

20  the undersigned Parties shall have ninety (90) days to either (a) promptly return to counsel for

21  each Designating Party all Confidential Materials and all copies thereof (except that counsel for

22  each Party may maintain in its files, in continuing compliance with the terms of this Third-Party

23  Protective Order, all work product, and one copy of each pleading filed with the Court and one

24  copy of each deposition together with the exhibits marked at the deposition), (b) agree with

25  counsel for the Designating Party upon appropriate methods and certification of destruction or

26  other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other

27  Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order

28  regarding proper preservation of such Materials.  To the extent permitted by law the Court shall

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

DC\3887774

9

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1   retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c)

2   herein.

3   **22.**     After this Third-Party Protective Order has been signed by counsel for all Parties, it shall

4   be presented to the Court for entry.  Counsel agree to be bound by the terms set forth herein with

5   regard to any Confidential Materials that have been produced before the Court signs this Third-

6   Party Protective Order.

7   **23.**     The Parties and all signatories to the Certification attached hereto as Exhibit A agree to

8   be bound by this Third-Party Protective Order pending its approval and entry by the Court.  In

9   the event that the Court modifies this Third-Party Protective Order, or in the event that the Court

10  enters a different Protective Order, the Parties agree to be bound by this Third-Party Protective

11  Order until such time as the Court may enter such a different Order.  It is the Parties' intent to be

12  bound by the terms of this Third-Party Protective Order pending its entry so as to allow for

13  immediate production of Confidential Materials under the terms herein.

14  **24.**     Notwithstanding the foregoing, any and all information/documents designated as

15  "CONFIDENTIAL – SUBJECT TO A PROTECTIVE ORDER" under this Third Party

16  Protective Order may be disclosed by the Parties: (1) subject to a court order provided notice is

17  served on all signing Parties prior to the seeking or entry of said order; or (2) in the event of a

18  challenge to this Third Party Protective Order, no documents marked "CONFIDENTIAL –

19  SUBJECT TO A PROTECTIVE ORDER" will be filed.  Instead, *subject to court approval*, all

20  such documents in dispute will be submitted for an in camera review *or as otherwise ordered by*

21  *the court*.

22

23

24

25

26

27

28

LATHAM&WATKINS LLP DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

10

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

1  IT IS SO STIPULATED.

2
   Date: June 15, 2015
3
                                            _____
4                                           Attorney for Plaintiff

5  Date: June 14, 2015
                                            _____
6                                           Attorney for Defendants

7  Date: June 15 2015
                                            _____
8                                           Attorney for Third Party
                                            Hilton & Hyland Real Estate, Inc.
9
   Date: June 12 2015
10
                                            _____
11                                          Attorney for Third Party
                                            David Bolno
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS – IXC\3887774
ATTORNEYS AT LAW
LOS ANGELES

                                            PROTECTIVE ORDER REGARDING PRODUCTION
                                         11  OF DOCUMENTS AND INFORMATION BY THIRD
                                                                              PARTIES

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____ [NAME],

_____ [POSITION AND EMPLOYER],

am about to receive Confidential Materials supplied in connection with the Proceeding, (Case

No. CV14-3650-FMO-CW).  I certify that I understand that the Confidential Materials are

provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed

in this Proceeding.  I have been given a copy of the Stipulation and Protective Order; I have read

it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective

Order, including any notes or other records that may be made regarding any such materials, shall

not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective

Order.  I will not copy or use, except solely for the purposes of this Proceeding, any Confidential

Materials obtained pursuant to this Protective Order, except as provided therein or otherwise

ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to

me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in

my sole personal custody until termination of my participation in this Proceeding, whereupon all

such Materials and copies thereof will be returned to counsel who provided me with such

Materials.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct.  Executed this ___ day of _____, 2015, at _____.

DATED:_____          BY:_____

                                                                    Signature

                                                                    _____
                                                                    Title

                                                                    _____
                                                                    Address

                                                                    _____
                                                                    City, State, Zip

                                                                    _____
                                                                    Telephone Number

LATHAM&WATKINS LLP  DC\3887774
ATTORNEYS AT LAW
LOS ANGELES

PROTECTIVE ORDER REGARDING PRODUCTION
OF DOCUMENTS AND INFORMATION BY THIRD
PARTIES

11