**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF ALMATY, a foreign state,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>ELVIRA KHRAPUNOV, an individual, AKA Elvira Balmadani, AKA Elvira Kudryashova; et al.,<br><br>   Defendants-Appellees. | No. 15-56627<br><br>D.C. No.<br>2:14-cv-03650-FMO-CW<br><br><br>MEMORANDUM* |
| CITY OF ALMATY, a foreign state,<br><br>   Plaintiff-Appellant,<br><br>v.<br><br>VIKTOR KHRAPUNOV, an individual; et al.,<br><br>   Defendants-Appellees. | No. 15-56628<br><br>D.C. No.<br>2:15-cv-02628-FMO-CW |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 6, 2017
Pasadena, California

Before: PREGERSON, PAEZ, and BERZON, Circuit Judges.

In two related cases, the City of Almaty, Kazakhstan ("Almaty") alleged that Defendants conspired to abuse Defendant Viktor Khrapunov's mayoral office in Almaty for personal gain. Defendants allegedly invested their ill-gotten gains in shell companies and real estate in the United States. Almaty alleged claims under 18 U.S.C. §§ 1962 and 1964, as well as claims for breach of fiduciary duty, conversion and conspiracy to convert, fraud and conspiracy to defraud, and for an accounting and imposition of a constructive trust and equitable lien. The district court dismissed the actions on the basis of *forum non conveniens*.

Almaty appeals. "We review the district court's order dismissing the lawsuit[s] on the basis of *forum non conveniens* for an abuse of discretion," *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011), and we reverse.

**1.** "To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id.*

**2.** It was an abuse of discretion for the district court to conclude that Switzerland would provide an adequate alternative forum. "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Id.* at 1225. Here, Defendants failed to establish amenability to service of process.[1] Defendants did not agree to submit to service of process in Switzerland, and they failed to present evidence on this issue. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1118-19 (9th Cir. 2002). In addition, Defendants failed to establish that Switzerland offers a satisfactory remedy. To establish a remedy, Defendants relied solely on Swiss Code provisions pertaining to "adhesive" civil claims that may be asserted in connection with criminal proceedings. Defendants did not submit an expert declaration explaining how those provisions would apply in this instance. Nor did Defendants offer any explanation as to how Almaty could assert "adhesive" civil claims when no criminal charges have been filed. Accordingly, on this record, Defendants failed to demonstrate that a Swiss remedy is available to Almaty. *See Ceramic Corp. of Am.*

---

[1] Although Defendants argue that Almaty waived this issue, it was Defendants' burden to establish their amenability to service of process in the first instance. *See Carijano*, 643 F.3d at 1225. Almaty had no obligation affirmatively to challenge Defendants' amenability to service of process because Defendants made no showing on that issue in their motions to dismiss, as they were obliged to do.

*v. Inka Maritime Corp.*, 1 F.3d 947, 949 (9th Cir. 1993) ("[T]he alternative forum must provide some potential avenue for redress.").

  **3.** Even if Defendants had properly established the adequacy of Switzerland as an alternative forum, reversal would be warranted because the district court inverted Defendants' burden regarding the public and private interest factors.[2] Contrary to the district court's conclusion, the proper standard is *not* whether Almaty's convenience outweighs the public and private interest factors favoring Switzerland, but rather, whether Defendants have established that the public and private interest factors strongly outweigh the plaintiff's convenience. *See Boston Telecommunications*, 588 F.3d at 1206, 1212. In this case, the private

---

[2] The private interest factors are as follows:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Carijano*, 643 F.3d at 1229 (quoting *Boston Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009)). The public interest factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Id.* at 1232 (quoting *Boston Telecommunications*, 588 F.3d at 1211).

and public interest factors do not sufficiently favor Switzerland to permit dismissal.

**4.** As to the private interest factors, two individual Defendants reside in California, and three corporate entity Defendants are incorporated in California. *See, e.g.*, *Carijano*, 643 F.3d at 1230-31. Some witnesses and evidence are located abroad. However, no party argues that Kazakhstan is an appropriate forum, and Defendants did not demonstrate that Switzerland is superior to California in terms of securing witnesses and evidence. *See Boston Telecommunications*, 588 F.3d at 1210; *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006). Moreover, the district court failed to consider whether a judgment against Defendants could be enforced in Switzerland, and erroneously deemed the issue undisputed.[3] *See Carijano*, 643 F.3d at 1231-32.

**5.** With regard to the public interest factors, the district court criticized Almaty for failing to demonstrate that California "has a stronger local interest in the lawsuit than Switzerland." With this public interest factor, however, "we ask only if there is an identifiable local interest in the controversy, not whether another

---

[3] Before the district court, Almaty argued that "Defendants have not established that, if Almaty were to prevail in a Swiss court, Almaty would be able to obtain a judgment against the embezzled funds that Defendants have brought to the United States and are using here."

forum also has an interest." *Tuazon*, 433 F.3d at 1182. Almaty's challenge focuses on allegedly unlawful activities that occurred within California, which vests California with an interest in the dispute. *See Boston Telecommunications*, 588 F.3d at 1212. In addition, United States law governs the resolution of Almaty's federal claims, and California law governs Almaty's common law claims. Finally, the fact that this case may impose added burdens on the Central District of California is of little relevance without a comparison to the congestion of Swiss courts. *Cf. Carijano*, 643 F.3d at 1233.

    6.    In sum, as we concluded in *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000), "[t]he record in this case indicates the district court misunderstood [the applicable] standard: rather than treating forum non conveniens as an exceptional tool to be employed sparingly, the district court perceived it as a doctrine that compels plaintiffs to choose the optimal forum for their claim." It was an abuse of discretion for the district court to deny Almaty its choice of the Central District of California as the forum for resolving its claims. *See id.*

    **REVERSED.**