BOERSCH SHAPIRO LLP
David W. Shapiro (State Bar No. 219265)
Dshapiro@boerschshapiro.com
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendants
Madina Ablyazova, Iliyas Khrapunov, Leila Khrapunov, Viktor Khrapunov, Elvira Khrapunov a/k/a Elvira Kudryashova; Dmitry Kudryashov; RPM USA, LLC; RPM-Maro LLC; Maro Design LLC; Haute Hue LLC; 628 Holdings LLC; Candian International Ltd.; Crownway Ltd.; Vilder Company S.A.; World Health Networks, Inc.; Elvira Kudryashova as Trustee of The Kasan Family Trust; and Dmitry Kudryashov as Trustee of The Kasan Family Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY, a foreign state,<br><br>Plaintiff,<br><br>v.<br><br>VIKTOR KHRAPUNOV, an individual; *et al.*,<br><br>Defendants. | Case No. CV14-3650-FMO-CW<br><br>Assigned To: Hon. Fernando M. Olguin<br><br>**MOTION TO RENEW AND/OR RECALENDAR MOTIONS TO COMPEL**<br><br>Hearing Date:  February 12, 2018<br>Time:  10:00 a.m.<br>Court Room:  6D<br><br>Action Filed:  May 13, 2014 |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that, on February 12, 2018, at 10:00 a.m., in Courtroom 6D of the United States Courthouse for the Central District of California, located at 350 W. 1st Street in Los Angeles, California, defendants Elvira Khrapunov a/k/a Elvira Kudryashova; Dmitry Kudryashov; RPM USA, LLC; RPM-Maro LLC; Maro Design LLC; Haute Hue LLC; 628 Holdings LLC; Candian International Ltd.; Elvira Kudryashova as Trustee of The Kasan Family Trust; and Dmitry Kudryashov as Trustee of The Kasan Family Trust will and hereby move to renew and/or re-calendar their motions to compel (Dkt. Nos. 69, 83, and 98) that were pending when the Court dismissed Almaty's claims on *forum non conveniens* grounds on September 21, 2015 (Dkt. Nos. 123-24). Defendants respectfully request that their motions be put on calendar for hearing on February 12, 2018, to resolve the parties' disputes that were ripe when this case was dismissed in 2015.

This Motion is based upon this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the concurrently-filed Declaration of Lara Kollios and the exhibits thereto; and such additional evidence or argument as may be presented at or before the hearing on this matter.

As set forth in the accompanying Declaration of Lara Kollios, this Motion is made following the conference of counsel.

Dated: January 19, 2018

BOERSCH SHAPIRO LLP

  /s/Martha Boersch_____
Martha Boersch

Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITES

Defendants move to renew and/or re-calendar their motions to compel (Dkt. Nos. 69, 83, and 98) that were pending when the Court dismissed Almaty's claims on *forum non conveniens* grounds on September 21, 2015 (Dkt. Nos. 123-24). When the Court dismissed the actions, it also took Defendants' motions to compel off calendar, which were set for hearing on September 24, 2015. When this case was reopened after reversal by the Ninth Circuit, the Court ordered all pending motions denied without prejudice to raise them again. Dkt. No. 138. The parties spent tremendous judicial and party resources in 2015 narrowing the issues in dispute and the motions were ripe for hearing at the time of dismissal. Thus, Defendants respectfully request that their motions be put on calendar for hearing on February 12, 2018, to resolve the parties' disputes. Then, Almaty can complete its production and Defendants can adequately prepare their defense at trial without further unnecessary expenditure of resources.

In the alternative, Defendants request a discovery conference so that the Court can provide guidance on how discovery can or should proceed given the pending disputes over Almaty's discovery responses and the procedural posture of the case.[1]

## BACKGROUND

In the spring and early summer of 2015, the United States-based Defendants filed two motions to compel discovery from Almaty, one for interrogatories (Dkt. No. 98) and one for requests for production (Dkt. Nos. 69, 83, 86). Tremendous resources were spent on these motions, as evidenced by the thousands of pages of joint stipulations submitted pursuant to Local Rule 37-2 and corresponding declarations. *Id*.

---

[1] Plaintiff Almaty has been ordered to file a Second Consolidated Amended Complaint by January 19, 2018, and the Defendants to file their motion to dismiss by February 7, 2018. All defendants will be moving to dismiss the claims in the Second Consolidated Amended Complaint on much of the same grounds as were raised in their motion to dismiss the Consolidated Amended Complaint. No defendant has yet answered any complaint.

Prior to filing the motions, the parties spent several hours meeting and conferring to resolve and narrow the disputes. *Id*.

Defendants' motions were originally set for hearing on June 23, 2015. Dkt. No. 105. Given the breadth of the disputes at that time, the Honorable Magistrate Judge Woehrle ordered the parties to further meet and confer to narrow the disputes and to provide joint updates to the Court. *Id*.. The parties followed that direction and engaged in further conferences, submitting several joint reports. Dkt. Nos. 113, 115, 118 (Dkt. No. 118 was submitted by Almaty only, but Defendants do not disagree with Almaty's statements with respect to the narrowed disputes on Defendants' discovery).

The final Discovery Report identified the specific discovery requests still in dispute. Dkt. No. 118, II(A). Defendants agree that the issues and requests identified in the final discovery report (Dkt. No. 118, II(A)), remain in dispute. Because the parties extensively met-and-conferred on these requests in 2015, Defendants informed Almaty that they intended to renew or re-calendar their motions to compel. Kollios Decl., Ex. 1. Although Almaty does not claim anything in the final discovery report to the Court is incorrect, it opposes Defendants' motion and claims that Defendants must start the process anew and file a new joint stipulation, in effect, wasting the tremendous judicial and party resources already spent narrowing the disputes. *Id*. at Ex. 2.

## **DEFENDANTS SEEK GUIDANCE FROM THE COURT IN ORDER TO OBTAIN DISCOVERY NECESSARY TO PREPARE A DEFENSE AT TRIAL**

Defendants respectfully request guidance from the Court on the outstanding discovery disputes so that Defendants can obtain the discovery necessary to prepare a defense at trial. As evidenced by the docket, although the parties spent significant time and resources narrowing the disputes, Almaty continues to refuse to produce documents and information based on three objections which Defendants believe do not apply—specifically, the law enforcement privilege, that they lack custody and control over certain documents, and Swiss Criminal Code § 293, which Almaty argues

prevents Almaty from disclosing relevant factual information in its possession while Swiss authorities investigate the Khrapunov family (an investigation that began at the behest of the Kazakh government).  Dkt. No. 118, II(A).

We believe once the Court provides guidance on these disputes, Defendants will be able to begin obtaining the information necessary for their defense, assuming that the case proceeds.  Despite claiming Defendants have committed a global conspiracy to launder $300 million of allegedly stolen funds, Almaty has only produced approximately 1,000 pages of documents, and provided very little substantive information in response to interrogatories to support its dramatic claims.  We believe resolution of the disputes that were ripe when this case was dismissed in 2015 will allow discovery to proceed in an efficient and streamlined manner.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request to renew or re-calendar their motions to compel that were pending at the time of dismissal, specifically Dkt. Nos. 69, 83, and 98.  In the alternative, Defendants request a discovery conference so that the Court can guide the parties on how to efficiently resolve the disputes ripe at the time of dismissal so that Defendants can obtain the information and documents necessary to prepare a defense.

Dated:  January 19, 2018

BOERSCH SHAPIRO LLP

 _/s/ Martha Boersch_____
Martha Boersch

Attorneys for Defendants