LATHAM & WATKINS LLP
David J. Schindler (Bar No. 130490)
  *david.schindler@lw.com*
Jonathan M. Jackson (Bar No. 257554)
  *jonathan.jackson@lw.com*
Kendall M. Howes (Bar No. 294285)
  *kendall.howes@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Plaintiff the City of Almaty*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIKTOR KHRAPUNOV; *et al.*,<br><br>　　　　　Defendants. | Case No. 2:14-cv-03650-FMO<br><br>Judge: Hon. Fernando M. Olguin<br>Magistrate Judge:<br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF JONATHAN M. JACKSON IN SUPPORT OF PLAINTIFF CITY OF ALMATY'S MOTION TO COMPEL DEPOSITIONS AND RESPONSES AND PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSION BY DEFENDANTS**<br><br>Hearing Date: February 12, 2018<br>Time: 10:00 a.m.<br>Court Room: 640<br><br>Discovery Cut-Off: February 12, 2018<br>Pre-Trial Conference: August 17, 2018<br>Trial: September 11, 2018<br><br>Action Filed: May 13, 2014 |

# DECLARATION OF JONATHAN M. JACKSON

I, Jonathan M. Jackson, have personal knowledge of the facts set forth herein and, if called to do so, could and would competently testify thereto.

1. I am an attorney licensed to practice law in the State of California. I am an associate at Latham & Watkins LLP and am counsel for plaintiff the City of Almaty ("Plaintiff") in this matter.

2. I submit this declaration in support of Plaintiff City of Almaty's Motion to Compel Depositions and Responses and Production of Documents Responsive to Plaintiff's Interrogatories, Requests for Production of Documents and Requests for Admissions by Defendants.

3. Attached hereto as **Exhibit A** is a true and correct copy of a letter, dated July 20, 2015 ("July 20 Letter") from David Schindler, a partner at Latham & Watkins LLP, to Jan L. Handzlik, former counsel for defendants in this matter, regarding Elvira Kudryashova's ("Elvira") and Dmitry Kudryashov's ("Dmitry"), as well as Haute Hue LLC's, Maro Design LLC's, RPM USA LLC's, RPM-Maro LLC's, 628 Holdings LLC's, Candian International Ltd.'s, Elvira as Trustee of the Kasan Family Trust's and Dmitry as Trustee of the Kasan Family Trust's (collectively, the "Original Entity Defendants") failure to respond to Interrogatories, Requests for Production of Documents ("RFPs") and Requests for Admissions ("RFAs") served in May and June of 2015 in connection with this matter. To date, we have not received any responses or objections to the 2015 discovery requests referenced in the July 20 Letter.

4. Attached hereto as **Exhibit B** is a true and correct copy of an email from Lara Kollios, current counsel for Defendants in this matter, dated October 3, 2017, in which she requested a 30-day extension of Defendants' deadline to respond to discovery requests that had been served by Plaintiff on September 8, 12 and 15, 2017, requesting an extended deadline of November 13, 2017.

5. My associate Kendall Howes and I subsequently spoke with Defendants' counsel (Lara Kollios and Martha Boersch) by telephone regarding their request for an extension. During that call, I informed Defendants' counsel that Plaintiff might be willing to agree to an extension, but in light of the upcoming discovery deadline, it could only do so if Defendants were willing to agree that they would produce documents and respond substantively to Plaintiff's discovery requests by the extended deadline, and would not just assert objections. Defendants' counsel agreed that they would do so.

6. Attached hereto as **Exhibit C** is a true and correct copy of an email dated October 17, 2017, from me to Lara Kollios (cc Martha Boersch and Kendall Howes) confirming that Plaintiff had agreed to the requested 30-day extension, based on Defendants' agreement to produce documents and respond substantively to the discovery requests. While Defendants originally requested that the deadline be extended to November 13, 2017, Plaintiff ultimately agreed to give Defendants an extended deadline of November 17, 2017.

7. In early October, my associate Kendall Howes and I spoke by telephone with Defendants' counsel regarding (among other things) the scheduling of the previously-noticed depositions of Viktor Khrapunov ("Viktor"), Leila Khrapunova ("Leila"), Iliyas Khrapunov ("Iliyas"), Madina Ablyazova ("Madina"), Elvira and Dmitry (collectively, the "Individual Defendants"). At that time, Ms. Kollios stated that Elvira and Dmitry had left the U.S., were currently in Switzerland, and could not return to the U.S. because their visas had been revoked. She also stated that Viktor, Leila, Iliyas and Madina were currently in Switzerland, and could not come to the U.S. for a deposition. She further stated that the Individual Defendants would not appear for their noticed depositions in Los Angeles, California, and that her position was that Plaintiff would need to go through the Hague Convention on the Taking of Evidence (the "Hague Convention") in order to take their depositions.

8. On October 18, 2017, I sent an email to Defendants' counsel (Lara Kollios and Martha Boersch) requesting written confirmation of their position regarding the depositions of the Individual Deponents, and further requesting additional information and documentation regarding their position that the Individual Defendants were unable to attend depositions in the U.S., and the factual and legal basis for their contention that their depositions must be taken in Switzerland pursuant to the Hague Convention. Attached hereto as **Exhibit D** is a true and correct copy of this email.

9. Attached hereto as **Exhibit E** is a true and correct copy of an email from Ms. Kollios, dated October 20, 2017, in which she stated: "I don't agree with your recitation of our representations, and will get back to you next week with more information. But for the time being, as you know, the Southern District of New York has held that any deposition of Iliyas in that matter (in which he is also a defendant) must go through the Hague. The authority supporting that is in the motion papers and order that can be found on the docket."

10. Defendants' counsel did not provide any further documentation or written response to the requests for additional information contained in my October 18, 2017 email. Defendants did not serve any written objections to the deposition notices served on the Individual Defendants. Defendants did not file a motion for a protective order prior to the noticed deposition dates, or at any point thereafter, with respect to the noticed depositions of the Individual Defendants.

11. Attached hereto as **Exhibit F** is a true and correct copy of a meet and confer letter dated December 13, 2017, from me to Lara Kollios regarding Defendants' deficient responses to Plaintiff's September 2017 discovery requests, as well as the failure of several Defendants to respond or object to discovery requests served in 2015. In particular, this letter addressed:

    a. The Individual Defendants' refusal to appear for their noticed depositions in Los Angeles, California, and their failure to

provide Plaintiff with further factual and legal information regarding their refusal to appear and their contention that each of their depositions must be taken in Switzerland under the Hague Convention;

    b. The failure of Iliyas, Leila, Madina and Viktor to produce any documents or provide any substantive responses to Plaintiff's September 2017 discovery requests;

    c. The failure of the remaining Defendants to provide a single substantive response to any of Plaintiff's September 2017 Interrogatories;

    d. Defendants' failure to produce documents (and provide substantive responses) in response to Plaintiff's September 2017 discovery requests, in violation of the parties' prior agreement with respect to Defendants' request for a 30-day extension;

    e. Defendants' violation of this Court's July 20, 2017 Order, which instructs that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss," and "**[t]he parties are directed to conduct any necessary discovery as soon as possible[.]**" (Dkt. No. 138, at 2 (emphasis in original)); and

    f. Defendants' failure to provide responses or objections to numerous Interrogatories, Requests for Admission and Requests for Production of Documents (listed in the letter) that were served in May and June of 2015.

12. My associate Kendall Howes and I met and conferred telephonically with Ms. Kollios on December 26, 2017. While I attempted to schedule this meet and confer to take place earlier, Ms. Kollios stated that she was unavailable before

that date.  During this call, we discussed at length each of the issues raised in the December 13, 2017 letter, and our position as to why Defendants' discovery responses were deficient.  Ms. Kollios informed us that Elvira and Dmitry had returned to the U.S. on an unspecified date, and that they were now willing to sit for their depositions in Los Angeles pursuant to the Federal Rules, in January or February.  In addition, Ms. Kollios confirmed that Defendants' objections to the September 2017 Interrogatories on the purported basis that "the Court lacks personal jurisdiction over defendant" should be ignored for all Defendants other than Iliyas, Leila, Madina and Viktor (as none of these Defendants had moved to dismiss the CAC on the basis of lack of personal jurisdiction).  Nonetheless, Ms. Kollios did not agree to provide responses to any of these Interrogatories, despite the inapplicability of this objection.  The parties were unable to agree to any other compromises regarding the issues raised in the December 13, 2017 letter.  With respect to the status of the documents that Defendants had agreed to produce, Ms. Kollios stated that Defendants were working on collecting certain documents, but that she did not yet have any such documents in her possession and could not tell us a date by which they would produce documents.

13. Attached hereto as **Exhibit G** is a true and correct copy of a second meet and confer letter, dated December 22, 2017, from me to Lara Kollios regarding additional deficiencies in Defendants' responses to Plaintiff's September 2017 discovery requests.  In particular, this letter addressed:

    a. Defendants' blanket refusal to produce documents in response to numerous RFPS (listed in the letter) based on boilerplate objections;

    b. Defendants' improper limitation of numerous RFPs (listed in the letter) to documents related solely to property located at 606 North Alta Drive, Beverly Hills, California;

   c. Defendants' improper limitation of numerous RFPs (listed in the letter) to documents related solely to Defendants and/or concerning accounts or entities located in the U.S.;

   d. Defendants' ongoing failure to produce any documents in response to the RFPs;

   e. Defendants' blanket refusal to respond to numerous RFAs (listed in the letter) based on boilerplate objections; and

   f. Defendants' improper assertion of lack of "sufficient information" to respond to numerous RFAs (listed in the letter) seeking information about the Defendants themselves, or about entities that the Defendants admittedly owned or controlled.

  14. My associate Kendall Howes and I met and conferred telephonically with Ms. Kollios on January 8, 9 and 10, 2018. During these calls, we discussed at length each of the issues raised in the December 22, 2017 letter, and our position as to why Defendants' discovery responses set forth in the letter were deficient, and we also continued to meet and confer regarding the issues raised in the December 13, 2017 letter (discussed above).

  15. With respect to depositions, Ms. Kollios stated that she believed the depositions of Viktor, Leila, Iliyas and Madina should take place in Switzerland under the Hague Convention because they reside there. In addition, she stated that there are Interpol Red Notices for Viktor and Iliyas (but not for Leila and Madina) whom she asserted fear some form of arrest or extradition if they leave Switzerland. During the January 10, 2018 call, Ms. Kollios further stated that Viktor and Leila may have applied for asylum in Switzerland, and may not have current passports (no documentation of these assertions, or their legal significance, was provided).

  16. The parties also discussed litigation in an action pending in the Southern District of New York regarding the deposition of Iliyas. We explained

our belief that under governing federal law, including the presumption that depositions will be conducted under the Federal Rules, and the factors that courts typically consider when determining the appropriate location of a defendant's deposition, the depositions of the Individual Defendants in this action (including Iliyas) should take place in Los Angeles.

17. According to Ms. Kollios, Viktor and Iliyas are going to be deposed in connection with the action pending in the Southern District of New York at the end of January/beginning of February. Despite the serious limitations of conducting these depositions through the Hague Convention procedures in Switzerland, we offered as a potential compromise to participate in these depositions in lieu of deposing these Defendants in Los Angeles, subject to their agreement to allow Plaintiff to participate (and to give Plaintiff sufficient time to conduct their portion of the deposition(s)). Ms. Kollios did not agree to this proposed compromise, which she did not believe would be permissible under Swiss law.

18. In a further effort to compromise, we offered to cover the Individual Defendants' travel costs to Los Angeles (or elsewhere) in connection with their depositions. We further offered to take their depositions in a location that might be more convenient to the Individual Defendants (*e.g.*, London, England) where the deposition could be conducted under the Federal Rules of Civil Procedure. Ms. Kollios did not agree to these proposed compromises.

19. With respect to the 2017 written discovery requests, we also offered as a proposed compromise to limit any request seeking information pertaining to specific financial transactions to monetary amounts of $50,000 or more. We further offered to narrow the definitions of "Kazakhstan Transaction" and "U.S. Transaction" to include only those items specifically listed in the corresponding appendices included with the requests. Ms. Kollios did not agree to these proposed compromises. The parties were unable to reach any further compromises regarding the discovery responses at issue.

20. Defendants' counsel (Lara Kollios and Martha Boersch) are located outside of Los Angeles County, and therefore the parties met and conferred telephonically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on January 11, 2018.

By  /s/ Jonathan M. Jackson
    Jonathan M. Jackson