David J. Schindler
+1.213.891.8415
David.schindler@lw.com

355 South Grand Avenue
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 20, 2015

File No. 053155-0000

**VIA EMAIL**

Jan L. Handzlik
JAN LAWRENCE HANDZLIK, APC
515 South Flower Street, 36th Floor
Los Angeles, CA 90071-2221
jhandzlik@handzliklaw.com

Re: *City of Almaty v. Khrapunov, et al.*

Dear Jan:

We are writing to commence the meet and confer process regarding Defendants Elvira Kudryashova (individually and as trustee of the Kasan Family Trust), Dmitry Kudryashov (individually and as trustee of the Kasan Family Trust), Haute Hue LLC, Maro Design LLC, RPM USA LLC, RPM-Maro LLC, 628 Holdings LLC, and Candian International Ltd.'s (hereinafter collectively referred to as the "Defendants") refusal to respond to Almaty's Requests for Admissions, Set One (the "RFAs") and Interrogatories, Set Two (the "Interrogatories" and, together with the RFAs, the "Requests"), which were served via electronic mail on June 3, 2015. Defendants' responses to the Requests were due on Thursday, July 9. As of the date of this letter, Almaty has received neither responses nor objections to any of the Requests.

Defendants' failure to respond in a timely manner constitutes a waiver of all objections to the Requests. *See* Fed. R. Civ. Proc. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Similarly, because Defendants have failed to timely answer or object to the RFAs, they are automatically deemed to have admitted all matters requested. *See* Fed. R. Civ. Proc. 36(a)(3).

LATHAM&WATKINS LLP

Unless Defendants are prepared to provide complete responses to the Interrogatories immediately, we will have no choice but to move the Court for an order compelling responses. Please let us know in writing by COB Tuesday, July 21 whether Defendants intend to comply with their discovery obligations.

Best regards,

David Schindler / FG

David J. Schindler
of LATHAM & WATKINS LLP

**From:** Lara Kollios <LKollios@boerschshapiro.com>
**Sent:** Tuesday, October 03, 2017 11:09 AM
**To:** Jackson, Jonathan (LA); Howes, Kendall (LA); Schindler, David (LA)
**Cc:** Martha Boersch
**Subject:** Almaty/Khrapunov Discovery

All,

Given the volume of the most recent discovery served on defendants, we'd like a 30-day extension to November 13, 2017. Please let me know.

Thanks - Lara

**Lara Kollios**
**Boersch Shapiro** LLP
**1611 Telegraph Ave, Suite 806**
**Oakland, CA 94612**
**Tel (415) 500-6643**

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then your receipt does not waive any privilege or confidential treatment; please notify the sender and delete this email.



EXHIBIT B

**From:** Jackson, Jonathan (LA)
**Sent:** Tuesday, October 17, 2017 12:17 PM
**To:** Lara Kollios
**Cc:** Martha Boersch; Howes, Kendall (LA)
**Subject:** RE: Khrapunov Discovery

Thanks Lara,

Following up on our prior conversations and your email below, this is to confirm that, based on your agreement to respond substantively/produce documents (and not simply assert objections), we agree to the proposed 30-day extension for written discovery. Just to be clear, we do have concerns regarding potential "prejudice" in light of the amount of discovery that remains to be completed (which delayed our response somewhat), but at the same time we want to be sensitive to your task in getting up to speed and maintain a positive working relationship going forward. Also, one item from our call that I'd like to emphasize is that we don't necessarily have access to documents produced in other matters (often due to protective orders restricting dissemination), so documents should not be withheld on the basis that they may have been produced elsewhere.

We have concerns regarding the apparent unavailability of witnesses for depositions that you raised during our last call, and will follow up separately on that front.

Finally, following up on our discussion re: a stipulated briefing schedule for the MTD, we suggest the following:

- MTD due – 10/25/17
- Opposition due – 11/23/17
- Reply due – 12/14/17
- Hearing – 1/4/17

In light of the court's prior order re: the 42-day notice period for motions, I think we'll need to provide a bit more detail in our stip to establish good cause (and we tried not to stretch out the deadlines too much in the above, and instead pushed the hearing date out based on your unavailability 12/21/17 and the holidays) – we're happy to put together a draft for your review and approval. Please let us know what you think.

Regards,

--Jon

---

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Friday, October 13, 2017 10:15 AM
**To:** Jackson, Jonathan (LA)
**Cc:** Martha Boersch; Howes, Kendall (LA)
**Subject:** Khrapunov Discovery

Jon,

Per our discussion earlier this week, you confirmed that the Khrapunov discovery responses would not be due until you had a chance to get back to me on our request for an extension. We've been discussing the brief extension for a bit now



EXHIBIT C

and during our discussions you have not expressed any objection of prejudice. We will consider our responses due on November 17 unless we hear otherwise. Thanks - Lara

**Lara Kollios**
**Boersch Shapiro** LLP
**1611 Telegraph Ave, Suite 806**
**Oakland, CA 94612**
**Tel (415) 500-6643**

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then your receipt does not waive any privilege or confidential treatment; please notify the sender and delete this email.

**From:** Jackson, Jonathan (LA)
**Sent:** Wednesday, October 18, 2017 3:17 PM
**To:** Martha Boersch; Lara Kollios
**Cc:** Howes, Kendall (LA)
**Subject:** Almaty v. Khrapunov - Depositions

Martha & Lara,

Following up on our prior discussion regarding depositions, our understanding is that you represented that Elvira and Dmitry left the United States, had their U.S. visas revoked, are currently in Switzerland, and cannot return to the United States. You also represented that the other four individual defendants noticed for deposition (Iliyas, Madina, Viktor and Leila) are currently in Switzerland and likewise are unable to come to the United States for a deposition. You further indicated that your position would be that we would have to go through the Hague Convention on the Taking of Evidence in order to take the depositions of these six defendants (in the U.S. or elsewhere). Please confirm that this is, in fact, your position with respect to each of the deponents and, if so, provide the following:

- The date on which Elvira and Dmitry left the U.S.;
- The reason that Elvira and Dmitry left the U.S.;
- Documentation/evidence of Elvira and Dmitry's departure from the U.S., as well as your assertion that their visas have been revoked;
- Documentation/evidence that each of the defendants is unable to leave Switzerland (and/or come to the United States for a deposition); and
- Legal authority for the proposition that the Hague Convention must be utilized under these circumstances – *i.e.*, named defendants in a CA proceeding were served deposition notices via CA counsel (and, apparently in some cases, subsequently left the country).

Please provide this information by Friday, October 20th, so that we may promptly evaluate both the legality of your position and the steps necessary to conduct these depositions – particularly in light of your apparent position that it must be done through the Hague Convention.

Please do not hesitate to contact me with any questions regarding the above.

Regards,

--Jon

**Jonathan M. Jackson** | **LATHAM & WATKINS LLP**
355 South Grand Avenue | Los Angeles, California 90071-1560
Tel: 213.891.8556 | Fax: 213.891.8763 | jonathan.jackson@lw.com



EXHIBIT D

**From:** Lara Kollios <LKollios@boerschshapiro.com>
**Sent:** Friday, October 20, 2017 3:05 PM
**To:** Jackson, Jonathan (LA); Martha Boersch
**Cc:** Howes, Kendall (LA)
**Subject:** RE: Almaty v. Khrapunov - Depositions

Jon,

I don't agree with your recitation of our representations, and will get back to you next week with more information. But for the time being, as you know, the Southern District of New York has held that any deposition of Iliyas in that matter (in which he is also a defendant) must go through the Hague. The authority supporting that is in the motion papers and order that can be found on the docket. Will be in touch on this and your proposed briefing schedule for the Motion to Dismiss next week. Thanks - Lara

**Lara Kollios**
**Boersch Shapiro** LLP
**1611 Telegraph Ave, Suite 806**
**Oakland, CA 94612**
**Tel (415) 500-6643**

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then your receipt does not waive any privilege or confidential treatment; please notify the sender and delete this email.

**From:** jonathan.jackson@lw.com [mailto:jonathan.jackson@lw.com]
**Sent:** Wednesday, October 18, 2017 3:17 PM
**To:** Martha Boersch <MBoersch@boerschshapiro.com>; Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** Kendall.Howes@lw.com
**Subject:** Almaty v. Khrapunov - Depositions

Martha & Lara,

Following up on our prior discussion regarding depositions, our understanding is that you represented that Elvira and Dmitry left the United States, had their U.S. visas revoked, are currently in Switzerland, and cannot return to the United States. You also represented that the other four individual defendants noticed for deposition (Iliyas, Madina, Viktor and Leila) are currently in Switzerland and likewise are unable to come to the United States for a deposition. You further indicated that your position would be that we would have to go through the Hague Convention on the Taking of Evidence in order to take the depositions of these six defendants (in the U.S. or elsewhere). Please confirm that this is, in fact, your position with respect to each of the deponents and, if so, provide the following:

- The date on which Elvira and Dmitry left the U.S.;
- The reason that Elvira and Dmitry left the U.S.;
- Documentation/evidence of Elvira and Dmitry's departure from the U.S., as well as your assertion that their visas have been revoked;
- Documentation/evidence that each of the defendants is unable to leave Switzerland (and/or come to the United States for a deposition); and
- Legal authority for the proposition that the Hague Convention must be utilized under these circumstances – *i.e.*, named defendants in a CA proceeding were served deposition notices via CA counsel (and, apparently in some cases, subsequently left the country).



EXHIBIT E

Please provide this information by Friday, October 20th, so that we may promptly evaluate both the legality of your position and the steps necessary to conduct these depositions – particularly in light of your apparent position that it must be done through the Hague Convention.

Please do not hesitate to contact me with any questions regarding the above.

Regards,

--Jon

**Jonathan M. Jackson** | **LATHAM & WATKINS LLP**
355 South Grand Avenue | Los Angeles, California 90071-1560
Tel: 213.891.8556 | Fax: 213.891.8763 | jonathan.jackson@lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

---



EXHIBIT E

**Jonathan Jackson**
Direct Dial: +1.213.891.8556
jonathan.jackson@lw.com

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES
Barcelona, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Moscow, Munich, New York, Orange County, Paris, Riyadh, Rome, San Diego, San Francisco, Seoul, Shanghai, Silicon Valley, Singapore, Tokyo, Washington, D.C.

December 13, 2017

**VIA EMAIL**

Lara Kollios
Boersch Shapiro LLP
1611 Telegraph Ave, Suite 806
Oakland, CA 94612
LKollios@boerschshapiro.com

Re: *City of Almaty v. Viktor Khrapunov, et al.* (Case No. 14-cv-03650): Meet and Confer Letter

Dear Ms. Kollios:

We write in an effort to meet and confer regarding several outstanding discovery issues. Absent prompt resolution of these issues, we intend to file a motion to compel and for sanctions pursuant to Local Rule 37.

First, following up on your October 20, 2017 email (attached hereto as Exhibit A), and our subsequent conversations, we make this final request for additional information and documentation regarding the refusal of each of the individual defendants in this action (referred to herein by their first names for simplicity) – Elvira, Dmitry, Madina, Leila, Iliyas and Viktor – to appear in response to their previously noticed depositions as required under the Federal Rules of Civil Procedure.

As you know, deposition notices for each of these defendants were served by overnight mail on September 8, 2017 (Viktor, Leila, Iliyas, Madina) and September 12, 2017 (Elvira, Dmitry) with the following noticed deposition dates:

- October 20, 2017 (Madina)
- October 23, 2017 (Dmitry)
- October 24, 2017 (Elvira)
- October 25, 2017 (Iliyas)
- October 27, 2017 (Leila)
- October 30, 2017 (Viktor)

None of these defendants appeared for their noticed deposition. With respect to Iliyas, you have indicated that his refusal to appear is ostensibly based on the briefing and decision in another matter pending in the Southern District of New York. (*See* Ex. A, at 1.) Our understanding is that the order in question issued on July 7, 2017; the order instructed Iliyas to cooperate fully in coordinating his deposition in Switzerland; Iliyas has yet to sit for a deposition despite the court's order regarding his cooperation; and the order further provided that "should the Hague procedures ultimately prove ineffective," Iliyas could be ordered to appear for a deposition outside of Switzerland. In any event, that order is neither binding nor applicable to the circumstances presented here, and it does not purport to address the depositions of the other five defendants in this action.

With respect to Elvira and Dmitry, we understand that each of these defendants was in California at or around the time their deposition notices were served, and they subsequently left the country. You indicated during our previous call that these defendants may return to the United States at some point, but we have received no further documentation regarding when they left the United States, the circumstances under which they may return, or when they may return. Indeed, it is our understanding that one or more of these defendants may have *already* returned to the United States, but you nevertheless failed to inform us of this fact or otherwise provide us with any information regarding their alleged whereabouts.

With respect to the remaining three defendants – Madina, Leila and Viktor – you have provided no further information whatsoever.

As you know, the presumption in federal court is that the Federal Rules of Civil Procedure – not the Hague Convention (or any other legal standard) – governs discovery. *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 300 (3d Cir. 2004) (holding the Federal Rules remain the "normal method[] for federal litigation involving foreign national parties") (internal quotation marks omitted). To date, you have provided nothing that would rebut this presumption. Indeed, none of the defendants objected to their respective deposition notices or moved for a protective order; they simply refused to appear for their depositions on the noticed deposition date. *See generally* Prac. Guide Fed. Civ. Pro. Before Trial, § 11:2403 (Rutter Group 2017) ("Unless a protective order has been applied for, the fact that the discovery request is objectionable does not excuse the failure to appear or respond.") (citing FRCP 37(d), collecting cases).

We cannot continue to delay the depositions of the individual defendants in this manner. Pursuant to Local Rule 37-1, we request that you (a) by close of business on December 15, 2017, provide the information that we previously requested in my email of October 18, 2017 (*see* Ex. A, at 1-2) regarding the purported unavailability of the defendants to sit for their depositions; and (b) agree to meet and confer by telephone within the next three business days to discuss the scheduling of these depositions. Absent a written agreement, executed by you and your clients, to appear for these depositions on mutually agreeable dates, in an agreed-upon location, we will seek an order compelling the deposition of each of the individual defendants on a date certain in the United States (or possibly, in the alternative, in a neutral country pursuant to the Federal Rules of Civil Procedure) and for sanctions for failure to appear.

Second, we write in an attempt to meet and confer regarding the egregious deficiencies in the discovery responses provided by Defendants on November 17, 2017. The following individual defendants – Iliyas, Leila, Madina and Viktor – failed to provide *any* substantive responses to the written discovery requests served in September of this year. Instead, in response to Plaintiff's Requests For Admission, Requests For Production of Documents and Interrogatories, these defendants simply asserted boilerplate objections and refused to respond to each and every request.[1] The remaining ten defendants likewise failed to provide a single substantive response to *any* of Plaintiff's Interrogatories.

When you requested an additional thirty days to respond to Plaintiff's written discovery requests, we agreed to the requested 30-day extension based on your explicit assurance that Defendants would, in fact, provide substantive responses (and produce documents) in response to these discovery requests. (*See* Exhibit B, attached hereto.) Defendants' responses violate both the letter and spirit of this agreement, and fall well short of Defendants' legally mandated discovery obligations.

To the extent that Defendants are relying on their pending motion to dismiss as a purported justification for their failure to respond, any such reliance is explicitly barred by this Court's July 20, 2017 Order, which instructs that "**discovery shall not be stayed** while any motion is pending, including any motion to dismiss," and "**[t]he parties are directed to conduct any necessary discovery as soon as possible[.]**" (Dkt. No. 138, at 2 (emphasis in original).) Furthermore, the refusal of the above-referenced ten defendants to respond to Plaintiff's Interrogatories on the purported ground that "the Court lacks personal jurisdiction over defendant" is particularly inappropriate, as *none of these defendants has even attempted to assert that the Court lacks personal jurisdiction in this matter*. There is no good faith basis for Defendants' blanket refusal to respond to Plaintiff's discovery requests. Absent resolution of these issues at the parties' upcoming meet and confer, we will file a motion to compel responses to the above-described discovery requests and for sanctions on this basis as well.

Third, as noted above, our agreement to your request for a 30-day extension was based on your assurance that Defendants would actually produce documents in response to Plaintiff's document requests. (*See* Ex. B.) Despite this assurance, Defendants have failed to produce a single document in response to Plaintiff's Requests For Production of Documents, which were served three months ago. Absent resolution of this issue at the parties' upcoming meet and confer, we will file a motion to compel the production of documents and for sanctions on this basis as well.

Fourth, we note that Defendants' responses to the written discovery requests served in September of this year are deficient in a number of additional respects. We will discuss these

---

[1] These Defendants likewise failed to provide *any* substantive responses or documents in response to the interrogatories and requests for production of documents served on each of them in July and August of 2015 (before this matter was temporarily dismissed and suspended pending Plaintiff's appeal to the Ninth Circuit). This prior failure to respond to written discovery will also be included in our upcoming telephonic meet and confer and (absent resolution) motion to compel and for sanctions.

deficiencies further in future correspondence, but we cannot delay the resolution of the distinct issues discussed above in the interim.

Finally, we write regarding the following discovery requests, which were served on Defendants in 2015 (before the case was temporarily dismissed and suspended pending Plaintiff's appeal to the Ninth Circuit), and to which Defendants have failed to provide *any* responses or objections whatsoever. Responses were due within thirty days of the date of service listed below. We intend to move to compel and/or for sanctions regarding Defendants' failure to respond to these requests within the requisite period.

- Interrogatories to Elvira Khrapunova Set Two served June 3, 2015;
- Interrogatories to Dmitry Kudryshov Set Two served June 3, 2015;
- Interrogatories to Elvira Khrapunova as Trustee for the Kasan Family Trust Set Two served June 3, 2015;
- Interrogatories to Dmitry Kudryshov as Trustee for the Kasan Family Trust Set Two served June 3, 2015;
- Interrogatories to RPM USA, LLC Set Two served June 3, 2015;
- Interrogatories to RPM-Maro LLC Set Two served June 3, 2015;
- Interrogatories to Maro Designs LLC Set Two served June 3, 2015;
- Interrogatories to Candian International Ltd Set Two served June 3, 2015;
- Interrogatories to 628 Holdings LLC Set Two served June 3, 2015;
- Interrogatories to Haute Hue LLC Set Two served June 3, 2015;
- Requests for Admissions to Elvira Khrapunova Set One served June 3, 2015;
- Requests for Admissions to Dmitry Kudryshov Set One served June 3, 2015;
- Requests for Admissions to Elvira Khrapunova as Trustee for the Kasan Family Trust Set One served June 3, 2015;
- Requests for Admissions to Dmitry Kudryshov as Trustee for the Kasan Family Trust Set One served June 3, 2015;
- Requests for Admissions to RPM USA, LLC Set One served June 3, 2015;
- Requests for Admissions to RPM-Maro LLC Set One served June 3, 2015;
- Requests for Admissions to Maro Designs LLC Set One served June 3, 2015;

- Requests for Admissions to Candian International Ltd Set One served June 3, 2015;
- Requests for Admissions to 628 Holdings LLC Set One served June 3, 2015;
- Requests for Admissions to Haute Hue LLC Set One served June 3, 2015;
- Requests for Production of Documents to Elvira Khrapunova Set Two served May 29, 2015;
- Requests for Production of Documents to Dmitry Kudryshov Set Two served May 29, 2015;
- Requests for Production of Documents to Elvira Khrapunova as Trustee for the Kasan Family Trust Set Two served May 29, 2015;
- Requests for Production of Documents to Dmitry Kudryshov as Trustee for the Kasan Family Trust Set Two served May 29, 2015;
- Requests for Production of Documents to RPM USA, LLC Set Two served May 29, 2015;
- Requests for Production of Documents to RPM-Maro LLC Set Two served May 29, 2015;
- Requests for Production of Documents to Maro Designs LLC Set Two served May 29, 2015;
- Requests for Production of Documents to Candian International Ltd Set Two served May 29, 2015;
- Requests for Production of Documents to 628 Holdings LLC Set Two served May 29, 2015;
- Requests for Production of Documents to Haute Hue LLC Set Two served May 29, 2015.

/ / /

/ / /

/ / /

/ / /

/ / /

As noted above, we would like to schedule a meet & confer call this Thursday or Friday (December 14 or 15) or the following Monday (December 18) to discuss the above-described issues. Please let us know your availability on these dates, or if you are unavailable on those dates, on alternative dates within the period prescribed by Local Rule 37. We look forward to speaking with you regarding these issues.

Very truly yours,

Jonathan M. Jackson
of LATHAM & WATKINS LLP

Enclosures

cc: Martha Boersch, Esq., Boersch Shapiro LLP
David Schindler, Esq., Latham & Watkins LLP

# Exhibit A

## Jackson, Jonathan (LA)

**From:** Lara Kollios <LKollios@boerschshapiro.com>
**Sent:** Friday, October 20, 2017 3:05 PM
**To:** Jackson, Jonathan (LA); Martha Boersch
**Cc:** Howes, Kendall (LA)
**Subject:** RE: Almaty v. Khrapunov - Depositions

Jon,

I don't agree with your recitation of our representations, and will get back to you next week with more information. But for the time being, as you know, the Southern District of New York has held that any deposition of Iliyas in that matter (in which he is also a defendant) must go through the Hague. The authority supporting that is in the motion papers and order that can be found on the docket. Will be in touch on this and your proposed briefing schedule for the Motion to Dismiss next week. Thanks - Lara

**Lara Kollios**
**Boersch Shapiro** LLP
**1611 Telegraph Ave, Suite 806**
**Oakland, CA 94612**
**Tel (415) 500-6643**

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then your receipt does not waive any privilege or confidential treatment; please notify the sender and delete this email.

**From:** jonathan.jackson@lw.com [mailto:jonathan.jackson@lw.com]
**Sent:** Wednesday, October 18, 2017 3:17 PM
**To:** Martha Boersch <MBoersch@boerschshapiro.com>; Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** Kendall.Howes@lw.com
**Subject:** Almaty v. Khrapunov - Depositions

Martha & Lara,

Following up on our prior discussion regarding depositions, our understanding is that you represented that Elvira and Dmitry left the United States, had their U.S. visas revoked, are currently in Switzerland, and cannot return to the United States. You also represented that the other four individual defendants noticed for deposition (Iliyas, Madina, Viktor and Leila) are currently in Switzerland and likewise are unable to come to the United States for a deposition. You further indicated that your position would be that we would have to go through the Hague Convention on the Taking of Evidence in order to take the depositions of these six defendants (in the U.S. or elsewhere). Please confirm that this is, in fact, your position with respect to each of the deponents and, if so, provide the following:

- The date on which Elvira and Dmitry left the U.S.;
- The reason that Elvira and Dmitry left the U.S.;
- Documentation/evidence of Elvira and Dmitry's departure from the U.S., as well as your assertion that their visas have been revoked;
- Documentation/evidence that each of the defendants is unable to leave Switzerland (and/or come to the United States for a deposition); and
- Legal authority for the proposition that the Hague Convention must be utilized under these circumstances – *i.e.*, named defendants in a CA proceeding were served deposition notices via CA counsel (and, apparently in some cases, subsequently left the country).

EXHIBIT F

Please provide this information by Friday, October 20th, so that we may promptly evaluate both the legality of your position and the steps necessary to conduct these depositions – particularly in light of your apparent position that it must be done through the Hague Convention.

Please do not hesitate to contact me with any questions regarding the above.

Regards,

--Jon

**Jonathan M. Jackson | LATHAM & WATKINS LLP**
355 South Grand Avenue | Los Angeles, California 90071-1560
Tel: 213.891.8556 | Fax: 213.891.8763 | jonathan.jackson@lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

---

# Exhibit B

EXHIBIT F

**Jackson, Jonathan (LA)**

**From:** Jackson, Jonathan (LA)
**Sent:** Tuesday, October 17, 2017 12:17 PM
**To:** 'Lara Kollios'
**Cc:** Martha Boersch; Howes, Kendall (LA)
**Subject:** RE: Khrapunov Discovery

Thanks Lara,

Following up on our prior conversations and your email below, this is to confirm that, based on your agreement to respond substantively/produce documents (and not simply assert objections), we agree to the proposed 30-day extension for written discovery. Just to be clear, we do have concerns regarding potential "prejudice" in light of the amount of discovery that remains to be completed (which delayed our response somewhat), but at the same time we want to be sensitive to your task in getting up to speed and maintain a positive working relationship going forward. Also, one item from our call that I'd like to emphasize is that we don't necessarily have access to documents produced in other matters (often due to protective orders restricting dissemination), so documents should not be withheld on the basis that they may have been produced elsewhere.

We have concerns regarding the apparent unavailability of witnesses for depositions that you raised during our last call, and will follow up separately on that front.

Finally, following up on our discussion re: a stipulated briefing schedule for the MTD, we suggest the following:

- MTD due – 10/25/17
- Opposition due – 11/23/17
- Reply due – 12/14/17
- Hearing – 1/4/17

In light of the court's prior order re: the 42-day notice period for motions, I think we'll need to provide a bit more detail in our stip to establish good cause (and we tried not to stretch out the deadlines too much in the above, and instead pushed the hearing date out based on your unavailability 12/21/17 and the holidays) – we're happy to put together a draft for your review and approval. Please let us know what you think.

Regards,

--Jon

---

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Friday, October 13, 2017 10:15 AM
**To:** Jackson, Jonathan (LA)
**Cc:** Martha Boersch; Howes, Kendall (LA)
**Subject:** Khrapunov Discovery

Jon,

Per our discussion earlier this week, you confirmed that the Khrapunov discovery responses would not be due until you had a chance to get back to me on our request for an extension. We've been discussing the brief extension for a bit now and during our discussions you have not expressed any objection of prejudice. We will consider our responses due on November 17 unless we hear otherwise. Thanks - Lara

EXHIBIT F

**Lara Kollios**
**Boersch Shapiro** LLP
**1611 Telegraph Ave, Suite 806**
**Oakland, CA 94612**
**Tel (415) 500-6643**

---

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then your receipt does not waive any privilege or confidential treatment; please notify the sender and delete this email.

**Jonathan Jackson**
Direct Dial: +1.213.891.8556
jonathan.jackson@lw.com

355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Tel: +1.213.485.1234 Fax: +1.213.891.8763
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Barcelona, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Moscow, Munich, New York, Orange County, Paris, Riyadh, Rome, San Diego, San Francisco, Seoul, Shanghai, Silicon Valley, Singapore, Tokyo, Washington, D.C.

December 22, 2017

**VIA EMAIL**

Lara Kollios
Boersch Shapiro LLP
1611 Telegraph Ave, Suite 806
Oakland, CA 94612
LKollios@boerschshapiro.com

Re: *City of Almaty v. Viktor Khrapunov, et al.* (Case No. 14-cv-03650): Meet and Confer Letter

Dear Ms. Kollios:

We write to follow up on our letter of December 13, 2017 (the "December 13 Letter") to further meet and confer regarding Defendants' deficient discovery responses. As with the other discovery issues discussed in the December 13 Letter, absent prompt resolution of these issues, we intend to file a motion to compel further responses to the discovery requests set forth below and/or for sanctions pursuant to Local Rule 37.

As noted in the December 13 Letter, Viktor Khrapunov, Leila Khrapunova, Iliyas Khrapunov, and Madina Ablyazova have failed to provide a single substantive response to any discovery propounded in this case. Additionally, the remaining Defendants failed to provide a single substantive response to any of Plaintiff's Interrogatories served in September of this year.

In addition to these egregious deficiencies, Defendants' discovery responses are insufficient in several other respects, detailed below.

**<u>Requests for Production</u>**

Defendants failed to substantively respond or agree to produce any documents with respect to the vast majority of Plaintiff's Requests for Production ("RFPs") served in September of this year, and instead simply asserted boilerplate objections. Defendants' blanket refusal to produce documents in response to the following RFPs, in particular, is improper:

- Request for Production Nos. 57-60, 62-70, and 72-83 served on Elvira Khrapunova;
- Request for Production Nos. 57-60, 62-70, and 72-82 served on Dmitry Kudryashov;
- Request for Production Nos. 57, 60[1], 65-70, and 72-81 served on 628 Holdings LLC;
- Request for Production Nos. 57, 60, 65-70, and 72-81 served on Candian International LTD;
- Request for Production Nos. 57, 60, 65-70, and 72-81 served on Haute Hue LLC;
- Request for Production Nos. 57, 60, 65-70, and 72-81 served on Maro Design LLC;
- Request for Production Nos. 57, 60, 65-70, and 72-81 served on RPM USA LLC;
- Request for Production Nos. 57, 60, 65-70, and 72-81 served on RPM-Maro LLC;
- Request for Production Nos. 57, 60, 65-70, and 72-82 served on Elvira Khrapunova as Trustee of the Kasan Family Trust; and
- Request for Production Nos. 57, 60, 65-70, and 72-82 served on Dmitry Kudryashov as Trustee of the Kasan Family Trust.

Additionally, in response to the following RFPs, Defendants agreed to produce documents limited solely to the property located at 606 North Alta Drive, Beverly Hills, California. This limitation is improper. Several additional properties and assets were specifically identified in the Consolidated Amended Complaint ("CAC") as associated with one or more of the Defendants. While Plaintiff maintains it is entitled to documents responsive to the entirety of each of these requests, at the very minimum, Defendants have no basis to refuse to produce documents related to all properties, assets and entities identified in the CAC.

- Request for Production Nos. 59, 61, and 62 served on 628 Holdings LLC;
- Request for Production Nos. 59, 61, and 62 served on Candian International LTD;
- Request for Production Nos. 59, 61, and 62 served on Haute Hue LLC;
- Request for Production Nos. 59, 61, and 62 served on Maro Design LLC;
- Request for Production Nos. 59, 61, and 62 served on RPM USA LLC;

---

[1] 628 Holdings LLC's Response to RFP No. 60 does not contain any objections whatsoever and simply repeats the Request.

- Request for Production Nos. 59, 61, and 62 served on RPM-Maro LLC;
- Request for Production Nos. 59, 61, and 62 served on Elvira Khrapunova as Trustee of the Kasan Family Trust; and
- Request for Production Nos. 59, 61, and 62 served on Dmitry Kudryashov as Trustee of the Kasan Family Trust.

Further, Defendants improperly limited the production of documents in response to the following RFPs to documents related only to Defendants and/or concerning accounts or entities located in the United States. As you know, this case involves the laundering of money both *into* and within the United States, and a RICO enterprise involving numerous entities and individuals – both domestic and foreign. This limitation is entirely improper.

- Request for Production Nos. 63, 64, and 71 served on 628 Holdings LLC ;
- Request for Production 63, 64, and 71 served on Candian International LTD;
- Request for Production Nos. 63, 64, and 71 served on Haute Hue LLC;
- Request for Production Nos. 63, 64, and 71 served on Maro Design LLC;
- Request for Production Nos. 63, 64, and 71 served on RPM USA LLC;
- Request for Production Nos. 63, 64, and 71 served on RPM-Maro LLC;
- Request for Production Nos. 63, 64, and 71 served on Elvira Khrapunova as Trustee of the Kasan Family Trust;
- Request for Production Nos. 63, 64, and 71 served on Dmitry Kudryashov as Trustee of the Kasan Family Trust;
- Request for Production Nos. 61 and 71 served on Elvira Khrapunova; and
- Request for Production Nos. 61 and 71 served on Dmitry Kudryashov.

Lastly, as noted in the December 13 Letter, Plaintiff has yet to receive *any* of the documents that Defendants have indicated they are willing to produce. We request that Defendants produce these documents without further delay.

As noted in the December 13 Letter, Plaintiffs' agreement to your request for an additional thirty days to respond to Plaintiff's written discovery requests was based on your explicit assurance that Defendants would, in fact, provide substantive responses and produce documents in response to these discovery requests. Defendants' responses to Plaintiffs' RFPs violate both the letter and spirit of this agreement, and fall well short of Defendants' legally mandated discovery obligations.

**Requests for Admission**

Defendants Elvira Khrapunova ("Elvira") and Dmitry Kudryshov ("Dmitry") also failed adequately to respond to many of the Requests for Admissions ("RFAs") served in September of this year. First, Elvira and Dmitry failed to provide *any* substantive response to the RFAs listed below. Instead, they simply asserted boilerplate objections. There is no readily apparent reason why Elvira and Dmitry chose not to respond to these RFAs, while at the same time responding to certain others.

- Request for Admission Nos. 258, 261-270, 314-316, 326-333, 335-340, 342-346, 348-355, 357-360, 390-391, and 397 served on Elvira Khrapunova; and

- Request for Production Nos. 258, 261-270, 314-316, 325-338, 341-345, 347-353, 365, 368-369, and 375 served on Dmitry Kudryashov.

Second, Elvira and Dmitry asserted that they lack "sufficient information or belief to allow Defendant to admit or deny" several RFAs, listed below, regarding information that is indisputably within their knowledge (or, at minimum, obtainable through reasonably available sources). *See* Prac. Guide Fed. Civ. Pro. Before Trial, § 11:2047 (Rutter Group 2017) ("The responding party is required to undertake a 'good faith' investigation of sources *reasonably available* to him or her in formulating answers to RFAs"). Several of these RFAs, for example, concern large sums of money transferred by or to each respective Defendant's bank accounts. (*See*, *e.g.*, Elvira RFA No. 127.) Similarly, other RFAs directly concern actions taken by (and/or knowledge of) entities that these Defendants own or control. For example, Elvira admitted that "Crownway is or was owned or controlled by [her]." (Elvira RFA No. 151.) Despite this, she denied knowledge concerning several large dollar money transfers made by Crownway. (*See*, *e.g.*, Elvira RFA No. 155.) Elvira's and Dmitry's responses to these RFAs do not comport with their legally mandated discovery obligations.

- Request for Admission Nos. 127-141, 159-182, 198-199, 211-214, 217-219, 222-224, 227-229, 235-236, 249-250, 271-274, 279-313, 317-318, 322-323, 340, 347, 356, 362, 363, and 369-388 served on Elvira Khrapunova; and

- Request for Production Nos. 198-199, 212-214, 235-236, 249-250, 272, 304-306, 310-313, 318, 322-323, 356, and 361-362 served on Dmitry Kudryashov.

Pursuant to Local Rule 37, please let us know when you are available to discuss these issues further at your earliest convenience. We look forward to speaking with you.

Very truly yours,

Jonathan M. Jackson
of LATHAM & WATKINS LLP

cc: Martha Boersch, Esq., Boersch Shapiro LLP
David Schindler, Esq., Latham & Watkins LLP