BOERSCH SHAPIRO LLP
Martha Boersch (State Bar No. 126569)
Mboersch@boerschshapiro.com
Lara Kollios (State Bar No. 235395)
Lkollios@boerschshapiro.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorneys for Defendants
Madina Ablyazova, Iliyas Khrapunov, Leila
Khrapunov, Viktor Khrapunov, Elvira
Khrapunov a/k/a Elvira Kudryashova;
Dmitry Kudryashov; RPM USA, LLC;
RPM-Maro LLC; Maro Design LLC; Haute
Hue LLC; 628 Holdings LLC; Candian
International Ltd.; Elvira Kudryashova as
Trustee of The Kasan Family Trust; Dmitry
Kudryashov as Trustee of The Kasan Family
Trust, Crownway Ltd., Vilder Company
S.A., and World Health Networks, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY, <br><br> Plaintiff, <br><br> v. <br><br> VIKTOR KHRAPUNOV, et al., <br><br> Defendants. | Case No. 14-cv-03650-FMO (CW) <br> *Consolidated with case no. 15-cv-02628-FMO (CW)* <br><br> **DECLARATION OF LARA KOLLIOS IN SUPPORT OF PLAINTIFF CITY OF ALMATY'S MOTION TO COMPEL DEPOSITIONS AND RESPONSES AND PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR ADMISSION BY DEFENDANTS** <br><br> Hearing Date:  February 12, 2018 <br> Time:  10:00 a.m. <br> Court Room:  640 |

## DECLARATION OF LARA KOLLIOS

I, Lara Kollios, hereby declare under penalty of perjury under the laws of the State of California and this Court as follows:

1.      I am an attorney licensed to practice law in the State of California.  I am counsel to defendants Madina Ablyazova, Iliyas Khrapunov, Leila Khrapunov, Viktor Khrapunov, Elvira Khrapunov a/k/a Elvira Kudryashova; Dmitry Kudryashov; RPM USA, LLC; RPM-Maro LLC; Maro Design LLC; Haute Hue LLC; 628 Holdings LLC; Candian International Ltd.; Elvira Kudryashova as Trustee of The Kasan Family Trust; Dmitry Kudryashov as Trustee of The Kasan Family Trust; Crownway, Ltd.; Vilder Company S.A.; and World Health Networks ("Defendants") in this matter.  I have personal knowledge of the facts set forth herein and, if called to do so, could and would competently testify thereto.

2.      Almaty initiated the meet-and-confer with respect to some of Defendants' 2017 discovery responses on December 13, 2017.  *See* Jackson Decl., Ex. F.

3.      I participated in a meet-and-confer call with respect to Almaty's December 13, 2017 meet-and-confer letter on December 26, 2017, which was within the deadline imposed by Local Rule 37.  During this call, I proposed that the parties renew their perspective motions to compel that were set to be heard in September 2015, but were taken off calendar because the Court dismissed Almaty's action on *forum non conveniens* grounds.  I noted that the parties spent significant judicial and party time and resources meeting-and-conferring on the prior discovery and narrowing the disputes.  I also stated that much of the discovery at issue in the December 2017 letter was duplicative of discovery that was subject to Almaty's prior pending motion to compel, and it therefore made sense to seek guidance from the Court on the narrowed issues rather than starting anew.

4.      During the December 26, 2017 meet-and-confer, the parties did not discuss any specific discovery requests.  The only objection addressed was the Swiss Defendants' objection based on personal jurisdiction.  I informed Almaty's counsel

1  that the Swiss Defendants continued to stand on that objection.  I also stated, however,

2  that if that objection were overruled, the discovery remained objectionable for all the

3  additional reasons stated in the responses.  The parties did not address these additional

4  objections with respect to any of the discovery at issue in Almaty's December 13, 2017

5  letter.

6      5.      Almaty sent a second meet-and-confer letter with respect to Defendants'

7  remaining 2017 discovery responses on December 22, 2017.  *See* Jackson Decl., Ex. G.

8      6.      I participated in three subsequent meet-and-confer calls regarding

9  Almaty's December 13 and 22, 2017 meet-and-confer letters on January 8, 9, and 10,

10 2018.  Each call lasted approximately one hour.  Almaty's counsel restated Almaty's

11 positions as set forth in its December 13, 2017 letter.  I also reiterated Swiss

12 Defendants' position (that was first relayed in October 2018), that given the

13 presumption that a defendant's deposition shall occur where he resides, Swiss

14 Defendants' depositions should take place in Switzerland.  I also reiterate the

15 arguments made and accepted by the Southern District of New York in *Almaty v.*

16 *Ablyazov, et al.,* No. 15-CV-05345 AJN-KHP (S.D.N.Y 2015) ("The New York

17 Action").  I reiterated that Viktor and Iliyas were on the INTERPOL wanted list and

18 therefore could not travel outside of Switzerland without a credible fear of arrest and

19 extradition, as was found by the Southern District of New York.  I also informed

20 Almaty's counsel that both Viktor and Leila Khrapunov had applied for political

21 asylum in Switzerland and had surrendered their passports as part of that process, and

22 therefore could not leave Switzerland for that additional reason.  Finally, although I

23 understood Almaty to know these facts given that they are the plaintiff in the New

24 York Action, I informed Almaty's counsel that depositions of Viktor and Iliyas were

25 going forward in Switzerland pursuant to The Hague Convention in the New York

26 Action on January 31-February 2, 2018, and that the depositions were going to be very

27 similar to those conducted pursuant to Federal Rule of Civil Procedure.  I also

28 explained that, pursuant to Swiss law, counsel from Latham and Watkins (as well as

DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)

1   counsel from Boersch Shapiro, LLP) could not attend those depositions without

2   requiring a new application through the Hague process. *See* Ex. 16, attached hereto.

3        7.     During the January 2018 meet-and-confer phone calls, the parties only

4   substantively discussed Elvira Khrapunova's responses to Interrogatory Nos. 24-25

5   and, in part, Appendix D to Almaty's Requests for Production to Elvira Khrapunova.

6   No other specific discovery requests were discussed.

7             a.  With respect to Interrogatory No, 24, which asks Ms. Khrapunova

8                to "IDENTIFY all ENTITIES and RELATED PARTIES for which

9                you are or have been a beneficial owner, including but not limited

10               to CROWNWAY and VILDER," I noted that the definitions of

11               ENTITIES and RELATED PARTIES made the request overbroad

12               and requested irrelevant information. Almaty defined those terms

13               by referencing Appendix B, which listed 66 entities, as well as a

14               catch-all provision for broad groups of people, such as "friends." I

15               noted that the relevance of many of the individuals and entities was

16               not apparent from the long appendices. Almaty's counsel would

17               merely represent that, to the best of their knowledge, the entities or

18               individuals were either part of Viktor's alleged scheme in

19               Kazakhstan or the money laundering scheme. Almaty's counsel

20               could not commit that they had produced an information to that

21               effect and could generally not discuss details of entities or

22               individuals not alleged in the complaint. I stated that if Almaty's

23               counsel could explain the relevance of the various entities and

24               individuals not alleged in the complaint, and eliminate the catch-all

25               definition, Ms. Khrapunova could respond.

26             b.  The next interrogatory, also numbered as Interrogatory No. 24,

27               requested Ms. Khrapunova to identify all financial transactions over

28               $5,000 from 1997-present, regardless of purpose of the transaction,

DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)

1   amount of the transaction, source of funds, or Ms. Khrapunova's

2   knowledge regarding the source of funds.  I also noted that the

3   interrogatory suffered from the same overbreadth as the prior

4   interrogatory because it incorporated the lengthy appendices.

5   Finally, I noted that Almaty asked the exact same interrogatory in

6   2015, that the parties has used judicial and party resources meeting-

7   and-conferring and narrowing the dispute on that 2015 discovery,

8   and that further meeting-and-conferring here was wasteful.

9   c.  Interrogatory No. 25 seeks Ms. Khrapunova to "IDENTIFY the

10   source of all funds paid to YOU for school tuition and living

11   expenses, including but not limited to the following insitituions,

12   Ecole Brillamont, Chateau Mont Choisi, and Leysin American

13   School."  I confirmed that all of these schools were in Switzerland,

14   and Almaty's counsel agreed.  I inquired why it was relevant to

15   Almaty's United States RICO claims how Ms. Khrapunov spent

16   funds in Switzerland.  Almaty's counsel responded that Almaty was

17   entitled to trace all funds ever spent by the Khrapunovs.  I stated

18   that I was unaware of any United States civil or criminal law that

19   reached purely foreign transactions, and Almaty's counsel could

20   cite none.

21   d.  The parties also discussed Appendix D to Almaty's Requests for

22   Production to Ms. Khrapunova.  Appendix D contains a list of 104

23   entities and land plots.  Many of the entities and land plots do not

24   appear in the CAC.  Almaty's counsel could not explain the

25   relevance of many of these entities.  For examples, Almaty's

26   counsel stated that entities listed in numbers 14-25 on Appendix D

27   concerned an "airport scheme" and Viktor Khrapunov.  However,

28   Almaty's counsel could not explain what that scheme was or how it

4        DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)

violated Kazakh (let alone American) law, and acknowledged it was not specifically pled in the CAC.

8. The following cases have been filed by Kazakhstan against members of the Khrapunov family:

   a. *Almaty v. Ablyazov, et al.,* No. 15-CV-05345 AJN-KHP (S.D.N.Y)

   b. *Kazakhstan v. Ketebaev, et al.*, 17-CV-00264 LHK (N. D. Ca.)

   c. *Almaty v. Viktor Khrapunov, et al.,* Nos. P/16479/2012 and CP/73/2012 (Switzerland)

   d. *JSC BTA Bank v. Ablyasov, et al.,* No. CL-2015-000549 (United Kingdom)

   e. Conseil D'Etat, Decision d'extradition (Ablyazov), 9 decembre 2016 (France) (decision annulling a decision of the French government to extradite Ablyazov to Russia).

9. I have spoken to John P. Curley, of Hoguet Newman Regal & Kenney, who represents Iliyas Khrapunov in the New York Action. Mr. Curley informed me that Almaty did not move to compel Viktor Khrapunov's deposition in that matter, but instead proceeded directly through the Hague process. Mr. Curley also informed me the depositions of Viktor and Iliyas Khrapunov are scheduled to take place January 32-February 2 in Switzerland, that the depositions will be recorded verbatim, and that the American lawyers present will be permitted to ask questions of the witness.

10. Attached hereto as Exhibit 1 is a true and correct copy of the 2016 United States Department of State's Human Rights Report for Kazakhstan.

11. Attached hereto as Exhibit 2 is a true and correct copy of the Human Rights Watch's January 2017 report on Kazakhstan.

12. Attached hereto as Exhibit 3 is a true and correct copy of a September 27, 2017 *Financial Times* article titled "Spies, Lies and the Oligarch: Inside London's Booming Secrets Industry".

DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)

13.  Attached hereto as Exhibit 4 is a true and correct copy of the October 11, 2017 Council of Europe's Written Declaration No. 638.

14.  Attached hereto as Exhibit 5 is a true and correct copy of the Memorandum and Order filed June 7, 2017 in *City of Almaty et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 330.

15.  Attached hereto as Exhibit 6 is a true and correct copy of Almaty's Response and Objections to Defendants' First Set of Interrogatories, No. 6.

16.  Attached hereto as Exhibit 7 is a true and correct copy of Viktor and Iliyas Khrapunov's letter motion requesting an order that Iliyas Khrapunov's deposition take place in Switzerland in *City of Almaty, et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 320.

17.  Attached hereto as Exhibit 8 is a true and correct copy of the Declaration of Katelyn K. Brooks and attached exhibits filed on May 2, 2017 in *City of Almaty, et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 321.

18.  Attached hereto as Exhibit 9 is a true and correct copy of the Declaration of Matthew George Jenkins and attached exhibits filed on May 2, 2017 in *City of Almaty, et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 322.

19.  Attached hereto as Exhibit 10 is a true and correct copy of Plaintiff's request that Iliyas Khrapunov be deposed at a mutually agreeable location in *City of Almaty, et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 303.

20.  Attached hereto as Exhibit 11 is a true and correct copy of Plaintiff's proposed Hague Convention requests in *City of Almaty, et al. v. Ablyazov, et al*., Case No. 15-05345 (SDNY 2015), Dkt. No. 364.

21.  Attached hereto as Exhibit 12 is a true and correct copy of the Council of Europe's Committee on Legal Affairs and Human Rights' report titled "Abusive use of the INTERPOL system: the need for more stringent legal safeguards".

22.  Attached hereto as Exhibit 13 is a true and correct copy of an INTERPOL Red Notice for Viktor Khrapunov.

DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)

23.   Attached hereto as Exhibit 14 is a true and correct copy of a July 19, 2016, memorandum from Christian Luscher, an attorney registered at the Geneva Bar in Switzerland, regarding Viktor Khrapunov's and Leila Khrapunov's pending asylum petitions.

24.   Attached hereto as Exhibit 15 is a comparison of select discovery requests that Almaty served in 2015 and 2017 that identifies duplicative nature of Almaty's discovery.  This is just a sample of the duplicative requests for purposes of illustration to aid the Court's understanding that Almaty has served the same discovery twice, once in 2015 and again in 2017, and does not represent all of Almaty's duplicative requests.

25.   Attached hereto as Exhibit 16 is a true and correct copy of a January 19, 2018, memorandum from Mangeat Attorneys-At-Law explaining the process of taking a deposition in Switzerland in the context of foreign proceedings and a true and correct copy of *International Judicial Assistance in Civil Matters* issued by the Federal Department of Justice and Police in Switzerland.

Executed this 19 day of January, 2018 at Oakland, California.

*/s/ Lara Kollios*
Lara Kollios

DECLARATION OF LARA KOLLIOS
Case No.: 14-cv-03650-FMO (CW)