1  LATHAM & WATKINS LLP
   David J. Schindler (Bar No. 130490)
2     *david.schindler@lw.com*
   Jonathan M. Jackson (Bar No. 257554)
3     *jonathan.jackson@lw.com*
   Kendall M. Howes (Bar No. 294285)
4     *kendall.howes@lw.com*
   355 South Grand Avenue, Suite 100
5  Los Angeles, California 90071-1560
   Telephone: (213) 485-1234
6  Facsimile: (213) 891-8763

7  *Attorneys for Plaintiff the City of Almaty*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF ALMATY,<br><br>       Plaintiff,<br><br>   v.<br><br>VIKTOR KHRAPUNOV, *et al.*,<br><br>       Defendants. | Case No. 14-cv-03650-FMO (FFMx)<br>*Consolidated with Case No. 15-cv-02628-FMO*<br><br>**[DISCOVERY MATTER]**<br><br>Assigned To: Hon. Fernando M. Olguin<br>Magistrate Judge: Hon. Frederick F. Mumm<br><br>**DECLARATION OF JONATHAN M. JACKSON IN SUPPORT OF JOINT STIPULATION IN RESPONSE TO THE COURT'S FEBRUARY 12, 2018 ORDER**<br><br>Action Filed: May 13, 2014 |

## DECLARATION OF JONATHAN M. JACKSON

I, Jonathan M. Jackson, have personal knowledge of the facts set forth herein and, if called to do so, could and would competently testify thereto.

1. I am an attorney licensed to practice law in the State of California. I am an associate at Latham & Watkins LLP and am counsel for plaintiff the City of Almaty ("Plaintiff") in this matter.

2. I submit this declaration in support of Plaintiff's portion of the Joint Stipulation In Response To The Court's February 12, 2018 Order.

3. On February 22, 2018, my associate Kendall Howes and I met and conferred with Defendants' counsel, Lara Kollios, pursuant to the Court's February 12, 2018 Order (the "Order"). The parties' respective counsel reside in different districts and, therefore, met and conferred by telephone.

4. During that call, we proposed to limit Plaintiff's discovery requests in several respects pursuant to the Court's Order, including (among other things) narrowing relevant definitions, limiting requests regarding financial transactions to $50,000 or more, and removing "related parties" from all requests. We also informed Defendants' counsel that we likely would seek clarification and/or reconsideration of certain aspects of the Order that were inconsistent with Judge Olguin's Standing Order regarding discovery.

5. The parties also discussed their respective understanding of the discovery that they believe is relevant both to personal jurisdiction and to subject matter jurisdiction. With respect to subject matter jurisdiction, Defendants' counsel stated that she believes the unlawful acts committed by Defendants in Kazakhstan are relevant and, therefore, information regarding these unlawful acts are subject to discovery pursuant to the Order. We explained our belief that information relating to the validity of Plaintiff's RICO claim, as well as information regarding the domestic focus of Defendants' RICO activities, is relevant to the issue of subject matter jurisdiction.

6. During the February 22 meet and confer call, Defendants' counsel rejected Plaintiff's proposal to narrow the jurisdictional discovery at issue. Defendants' counsel also refused to make any offer or counterproposal regarding the discovery that Defendants believed would be appropriate pursuant to the Court's Order, noting that she believed it would "not be appropriate" for Defendants to make a proposal during the Court-ordered meet and confer. Defendants' counsel then stated that she would not make any proposal regarding discovery unless and until Plaintiff provided another proposal.

7. Despite Defendants' counsel's refusal to make *any* discovery proposal as ordered by the Court, we sent Defendants' counsel a second proposal by email on February 28, 2018, further narrowing Plaintiff's discovery requests pursuant to the Court's Order. A true and correct copy of Plaintiff's second proposal is attached hereto as **Exhibit A.**

8. On March 5, 2018, the date of this filing, at 2:30 pm Plaintiff received Defendants' first (and only) discovery proposal. Upon receipt, my office worked diligently to evaluate the proposal and put together a response as quickly as possible, resulting in Plaintiff's third (and final) proposal, which we emailed to Defendants' counsel later that evening. A true and correct copy of Plaintiff's third proposal is attached hereto as **Exhibit B.** (For clarity, I note that we emailed this final proposal to Defendants' counsel after Defendants had provided us with their portion of the Joint Stipulation.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Los Angeles, California on March 5, 2018.

By   /s/ Jonathan M. Jackson
     Jonathan M. Jackson