# EXHIBIT 1

## **Exhibit 1**

1. 606 North Alta Drive, Beverly Hills, California;

2. 628 North Alta Drive, Beverly Hills, California;

3. 11986 Lockridge Drive, Studio City, California;

4. 2 Narbonne Drive, Long Beach, California;

5. 2578 Hutton Drive, Beverly Hills, California;

6. 35 Crimson Rose, Irvine, California;

7. 30 Starlight, Irvine, California;

8. 246 Spring Street 3203, New York, New York;

9. 246 Spring Street 3310, New York, New York;

10. 246 Spring Street 3311, New York, New York;

11. 2013 Rolls Royce sedan;

12. 2013 Bentley sedan;

13. 2013 Mercedes Benz sport utility vehicle;

14. 2011 Cadillac sport utility vehicle;

15. Flatotel, 135 52nd Street, New York, New York;

16. Cabrini Medical Center;

17. The Tri-County Mall;

18. Maven Technologies, LLC;

19. World Health Networks, Inc. f/k/a Health Station Networks Inc.;

20. Any investment, transfer of ASSETS to or from, or other transaction with SDG CAPITAL, SPG, or ADLUX ~~or their RELATED PARTIES~~ that occurred in the United States and

21. ~~Any investment, transfer of ASSETS to or from, or other transaction with any DEFENDANT.~~

# EXHIBIT 2

# I.     TRAVEL TO THE U.S.

### i.     Ilyas Khrapunov

ALMATY'S SECOND SET OF INTERROGATORIES TO ILYAS
KHRAPUNOV, INTERROGATORY NO. 20:

IDENTIFY each instance in which YOU have traveled to the United States
and for each instance provide:

(a) the date of YOUR travel;

(b) the purpose of YOUR travel;

~~(c) the name(s) of any INDIVIDUAL or RELATED PARTY with whom YOU met, interacted with, or communicated with during YOUR travel.~~

### ii.     Leila Khrapunova

ALMATY'S SECOND SET OF INTERROGATORIES TO LEILA
KHRAPUNOVA, INTERROGATORY NO. 20:

IDENTIFY each instance in which YOU have traveled to the United States
and for each instance provide:

(a) the date of YOUR travel;

(b) the purpose of YOUR travel;

~~(c) the name(s) of any INDIVIDUAL or RELATED PARTY with whom YOU met, interacted with, or communicated with during YOUR travel.~~

### iii.     Madina Ablyazova

ALMATY'S SECOND SET OF INTERROGATORIES TO MADINA
ABLYAZOVA INTERROGATORY NO. 20:

IDENTIFY each instance in which YOU have traveled to the United States
and for each instance provide:

(a) the date of YOUR travel;

(b) the purpose of YOUR travel;

~~(c) the name(s) of any INDIVIDUAL or RELATED PARTY with whom YOU met, interacted with, or communicated with during YOUR travel.~~

### iv.     Viktor Khrapunov

ALMATY'S SECOND SET OF INTERROGATORIES TO VIKTOR
KHRAPUNOV, INTERROGATORY NO. 20:

IDENTIFY each instance in which YOU have traveled to the United States
and for each instance provide:

(a) the date of YOUR travel;

1

(b) the purpose of YOUR travel;

~~(c) the name(s) of any INDIVIDUAL or RELATED PARTY with whom
YOU met, interacted with, or communicated with during YOUR travel.~~

## II.     IDENTITY OF DEFENDANTS

### i.     Ilyas Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 1:

Admit that YOU currently reside in Switzerland.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 2:

Admit that YOU are married to MADINA.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 3:

Admit that MADINA current resides in Switzerland.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 4:

Admit that YOU are the brother of ELVIRA and the brother-in-law of DMITRY.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 5:

Admit that YOU are the son of LEILA and the stepson of VIKTOR.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 6:

Admit that MADINA is the daughter of MUKHTAR.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO ILYAS KHRAPUNOV REQUEST NO. 7:

Admit that YOU are the son-in-law of MUKHTAR.

### ii.     Madina Ablyazova

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 1

Admit that YOU currently reside in Switzerland.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 2

    Admit that YOU are married to ILIYAS.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 3

    Admit that ILIYAS current resides in Switzerland.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 4

    Admit that YOU are the sister-in-law of ELVIRA and DMITRY.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 5

    Admit that YOU are the daughter-in-law of LEILA and VIKTOR.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 6

    Admit that YOU are the daughter of MUKHTAR.

ALMATY'S FIRST SET OF REQUESTS FOR ADMISSIONS TO MADINA ABLYAZOVA REQUEST NO. 7

    Admit that ILIYAS is the son-in-law of MUKHTAR.

## III. TRANSACTIONS DIRECTED AT THE U.S. MADE DIRECTLY OR INDIRECTLY BY DEFENDANTS

### i. Ilyas Khrapunov

<u>ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV NO. 2:</u>

All DOCUMENTS RELATING to any LAUNDERING TRANSACTION.

*Defendants will limit any Request that seeks information regarding financial transactions to transactions of $50,000 or more (unless the Request already specifies an amount greater than $50,000)*

*Defendants proposed to replace the term "LAUNDERING TRANSACTION" with the term "U.S. TRANSACTION" as defined in Exhibit 1. The term "LAUNDERING TRANSACTION" is argumentative.*

### ii. Leila Khrapunova

<u>ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO LEILA KHRAPUNOVA NO. 2:</u>

All DOCUMENTS RELATING to any LAUNDERING TRANSACTION.

*Defendants will limit any Request that seeks information regarding financial transactions to transactions of $50,000 or more (unless the Request already specifies an amount greater than $50,000)*

*Defendants proposed to replace the term "LAUNDERING TRANSACTION" with the term "U.S. TRANSACTION" as defined in Exhibit 1. The term "LAUNDERING TRANSACTION" is argumentative.*

### iii. Madina Ablyazova

<u>ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO MADINA ABLYAZOVA NO. 2:</u>

All DOCUMENTS RELATING to any LAUNDERING TRANSACTION.

*Defendants will limit any Request that seeks information regarding financial transactions to transactions of $50,000 or more (unless the Request already specifies an amount greater than $50,000)*

*Defendants proposed to replace the term "LAUNDERING TRANSACTION" with the term "U.S. TRANSACTION" as defined in Exhibit 1. The term "LAUNDERING TRANSACTION" is argumentative.*

### iv.    Viktor Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIKTOR
KHRAPUNOV NO. 2:

All DOCUMENTS RELATING to any LAUNDERING TRANSACTION.

*Defendants will limit any Request that seeks information regarding financial
transactions to transactions of $50,000 or more (unless the Request already
specifies an amount greater than $50,000)*

*Defendants proposed to replace the term "LAUNDERING TRANSACTION"
with the term "U.S. TRANSACTION" as defined in Exhibit 1.  The term
"LAUNDERING TRANSACTION" is argumentative.*

### v.    Dmitry Kudryashov

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT DMITRY KUDRYASHOV, REQUEST FOR PRODUCTION NO.
58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU, or
any of your family members, including but not limited to VIKTOR, LEILA,
ELVIRA, ILIYAS, MADINA, MUKHTAR, ~~ELENA, or GENNADY~~ participated
in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to
those transactions identified in Exhibit 1.*

### vi.    Elvira Kudryashova

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT ELVIRA KUDRYASHOVA, REQUEST FOR PRODUCTION
NO. 58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU, or
any of your family members, including but not limited to VIKTOR, LEILA,
ELVIRA, ILIYAS, MADINA, MUKHTAR, ~~ELENA, or GENNADY~~ participated
in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to
those transactions identified in Exhibit 1.*

### vii.    628 Holdings LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT 628 HOLDINGS LLC, REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU
and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or
indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### viii.    Candian International
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CANDIAN INTERNATIONAL, REQUEST FOR PRODUCTION NO. 58:
All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### ix.    Dmitry Kudryashov as Trustee of the Kasan Family Trust
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DMITRY KUDRYASHOV AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 58:
All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### x.    Elvira Kudryashova as Trustee of the Kasan Family Trust
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELVIRA KUDRYASHOVA AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 58:
All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### xi.    Haute Hue LLC
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HAUTE HUE LLC, REQUEST FOR PRODUCTION NO. 58:
All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### xii.   Maro Design LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARO DESIGN LLC, REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### xiii.   RPM USA, LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM USA, LLC, REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

### xiv.   RPM-MARO LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM-MARO LLC, REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS RELATING to any U.S. TRANSACTION that YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY participated in, directly or indirectly, in any way.

*Defendants propose to limit the definitions of "U.S. TRANSACTIONS" to those transactions identified in Exhibit 1.*

## IV.   INFORMATION PERTAINING TO ASSETS DIRECTLY OR INDIRECTLY OWNED BY DEFENDANTS IN THE U.S.

### i.   Ilyas Khrapunov

ALMATY'S SECOND SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV NO. 23:

All DOCUMENTS, including all COMMUNICATIONS, between YOU and any DEFENDANT, INDIVIDUAL, or ENTITY, or between YOU and any RELATED PARTY of any DEFENDANT, INDIVIDUAL or ENTITY RELATING TO any U.S. TRANSACTION

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### ii.   Leila Khrapunova

ALMATY'S SECOND SET OF REQUESTS FOR PRODUCTION TO LEILA KHRAPUNOVA REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS, including all COMMUNICATIONS, between YOU and any DEFENDANT, INDIVIDUAL, or ENTITY, or between YOU and any RELATED PARTY of any DEFENDANT, INDIVIDUAL or ENTITY RELATING TO any U.S. TRANSACTION

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iii.   Madina Ablyazova

ALMATY'S SECOND SET OF REQUESTS FOR PRODUCTION TO MADINA ABLYAZOVA REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS, including all COMMUNICATIONS, between YOU and any DEFENDANT, INDIVIDUAL, or ENTITY, or between YOU and any RELATED PARTY of any DEFENDANT, INDIVIDUAL or ENTITY RELATING TO any U.S. TRANSACTION

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iv.   Viktor Khrapunov

ALMATY'S SECOND SET OF REQUESTS FOR PRODUCTION TO VIKTOR KHRAPUNOV REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS, including all COMMUNICATIONS, between YOU and any DEFENDANT, INDIVIDUAL, or ENTITY, or between YOU and any

RELATED PARTY of any DEFENDANT, INDIVIDUAL or ENTITY RELATING TO any U.S. TRANSACTION

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### v.   Dmitry Kudryashov

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DMITRY KUDRYASHOV, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### vi.   Elvira Kudryashova

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELVIRA KUDRYASHOVA, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### vii.   628 Holdings LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 628 HOLDINGS LLC, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against by, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### viii.    Candian International

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT CANDIAN INTERNATIONAL, REQUEST FOR PRODUCTION
NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly
or indirectly transferred to or from, borrowed against by, leased by, or in any other
way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY
where the proposed or actual transfer price or financing value was equal to or
greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition
of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### ix.    Dmitry Kudryashov as Trustee of the Kasan Family Trust

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT DMITRY KUDRYASHOV AS TRUSTEE FOR THE KASAN
FAMILY TRUST, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly
or indirectly transferred to or from, borrowed against by, leased by, or in any other
way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY
where the proposed or actual transfer price or financing value was equal to or
greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition
of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### x.    Elvira Kudryashova as Trustee of the Kasan Family Trust

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT ELVIRA KUDRYASHOVA AS TRUSTEE FOR THE KASAN
FAMILY TRUST, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly
or indirectly transferred to or from, borrowed against by, leased by, or in any other
way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY
where the proposed or actual transfer price or financing value was equal to or
greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition
of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xi.    Haute Hue LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HAUTE HUE LLC, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against by, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xii.    Maro Design LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARO DESIGN LLC, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against by, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xiii.    RPM USA, LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM USA, LLC, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against by, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xiv.    RPM-MARO LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM-MARO LLC, REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS RELATING to any ASSET in the United States directly or indirectly transferred to or from, borrowed against by, leased by, or in any other way associated with YOU and/or any DEFENDANT, INDIVIDUAL, or ENTITY

where the proposed or actual transfer price or financing value was equal to or greater than $100,000 USD.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

## V.    INFORMATION PERTAINING TO OWNERSHIP/CONTROL/CORPORATION INFORMATION FOR ALL DEFINED ENTITIES

### i.    Ilyas Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV NO. 6:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES or their RELATED PARTIES, including without limitation list of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### ii.    Leila Khrapunova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO LEILA KHRAPUNOVA NO. 6:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES or their RELATED PARTIES, including without limitation list of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iii.    Madina Ablyazova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO MADINA ABLYAZOVA NO. 6:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES or their RELATED PARTIES, including without limitation list of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

14

### iv.    Viktor Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIKTOR
KHRAPUNOV NO.6:

All DOCUMENTS containing, reflecting or RELATING TO the current or
former ownership, control, beneficiaries, employees, representatives, managers, or
agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without
limitation list of shareholders, capitalization tables, directories of officers,
directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

### v.    Dmitry Kudryashov

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT DMITRY KUDRYASHOV, REQUEST FOR PRODUCTION NO.
63:

All DOCUMENTS containing, reflecting or RELATING TO the current or
former ownership, control, beneficiaries, employees, representatives, managers, or
agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without
limitation, lists of shareholders, capitalization tables, directories of officers,
directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

### vi.    Elvira Kudryashova

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT ELVIRA KUDRYASHOVA, REQUEST FOR PRODUCTION
NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or
former ownership, control, beneficiaries, employees, representatives, managers, or
agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without
limitation, lists of shareholders, capitalization tables, directories of officers,
directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

### vii.     628 Holdings LLC

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 628 HOLDINGS LLC, REQUEST FOR PRODUCTION NO. 63:</u>

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### viii.     Candian International

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CANDIAN INTERNATIONAL, REQUEST FOR PRODUCTION NO. 63:</u>

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### ix.     Dmitry Kudryashov as Trustee of the Kasan Family Trust

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DMITRY KUDRYASHOV AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 63:</u>

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### x.  Elvira Kudryashova as Trustee of the Kasan Family Trust

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELVIRA KUDRYASHOVA AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### xi.  Haute Hue LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HAUTE HUE LLC, REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### xii.  Maro Design LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARO DESIGN LLC, REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### xiii.   RPM USA, LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM USA, LLC, REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### xiv.   RPM-MARO LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM-MARO LLC, REQUEST FOR PRODUCTION NO. 63:

All DOCUMENTS containing, reflecting or RELATING TO the current or former ownership, control, beneficiaries, employees, representatives, managers, or agents of any of the ENTITIES ~~or their RELATED PARTIES~~, including without limitation, lists of shareholders, capitalization tables, directories of officers, directors, employees or shareholders.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

## VI.    INFORMATION REGARDING ALL ENTITIES OWNED AND CONTROLLED BY DEFENDANTS, AND/OR THE DEFINED INDIVIDUALS AND ENTITIES

### i.    Ilyas Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV NO. 13:

All DOCUMENTS relating to any corporation, limited liability company, partnership, or other entity or organization in which (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), serve or served as an officer, director, manager, representative, consultant, fiduciary, trustee, beneficiary, attorney, accountant, or agent.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO ILYAS KHRAPUNOV INTERROGATORY NO. 3:

IDENTIFY the name, business address, and country of origin for each and every entity for which YOU or a RELATED PARTY of YOU serve or have served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO ILYAS KHRAPUNOV INTERROGATORY NO. 4:

IDENTIFY the name, business address, and country of origin for each and every entity for which any DEFENDANT, INDIVIDUAL, ENTITY, or RELATED PARTY of any DEFENDANT, INDIVIDUAL, or ENTITY serves or has served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S SECOND SET OF INTERROGATORIES TO ILYAS
KHRAPUNOV INTERROGATORY NO. 15:

     IDENTIFY all ENTITIES ~~and RELATED PARTIES~~ for which YOU are or
have been a beneficial owner.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

### ii.   Leila Khrapunova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTIONTO LEILA
KHRAPUNOVA NO. 13:

     All DOCUMENTS relating to any corporation, limited liability company,
partnership, or other entity or organization in which (a) YOU, (b) any
DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a)
or (b), serve or served as an officer, director, manager, representative, consultant,
fiduciary, trustee, beneficiary, attorney, accountant, or agent.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO LEILA KHRAPUNOVA
INTERROGATORY NO. 3:

     IDENTIFY the name, business address, and country of origin for each and
every entity for which YOU or a RELATED PARTY of YOU serve or have served
as an officer, director, shareholder, partner (in any capacity, including general or
limited), member, interest holder, employee, trustee, beneficiary, manager, agent,
or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO LEILA KHRAPUNOVA
INTERROGATORY NO. 4:

     IDENTIFY the name, business address, and country of origin for each and
every entity for which any DEFENDANT, INDIVIDUAL, ENTITY, or
RELATED PARTY of any DEFENDANT, INDIVIDUAL, or ENTITY serves or
has served as an officer, director, shareholder, partner (in any capacity, including
general or limited), member, interest holder, employee, trustee, beneficiary,
manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those
transactions as identified in Exhibit 1.*

ALMATY'S SECOND SET OF INTERROGATORIES TO LEILA KHRAPUNOVA INTERROGATORY NO. 15:

IDENTIFY all ENTITIES ~~and RELATED PARTIES~~ for which YOU are or have been a beneficial owner.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iii.   Madina Ablyazova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION MADINA ABLYAZOVA NO. 13:

All DOCUMENTS relating to any corporation, limited liability company, partnership, or other entity or organization in which (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), serve or served as an officer, director, manager, representative, consultant, fiduciary, trustee, beneficiary, attorney, accountant, or agent.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO MADINA ABLYAZOVA INTERROGATORY NO. 3:

IDENTIFY the name, business address, and country of origin for each and every entity for which YOU or a RELATED PARTY of YOU serve or have served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO MADINA ABLYAZOVA INTERROGATORY NO. 4:

IDENTIFY the name, business address, and country of origin for each and every entity for which any DEFENDANT, INDIVIDUAL, ENTITY, or RELATED PARTY of any DEFENDANT, INDIVIDUAL, or ENTITY serves or has served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S SECOND SET OF INTERROGATORIES TO MADINA ABLYAZOVA INTERROGATORY NO. 15:

IDENTIFY all ENTITIES ~~and RELATED PARTIES~~ for which YOU are or have been a beneficial owner.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iv. Viktor Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIKTOR KHRAPUNOV NO. 13:

All DOCUMENTS relating to any corporation, limited liability company, partnership, or other entity or organization in which (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), serve or served as an officer, director, manager, representative, consultant, fiduciary, trustee, beneficiary, attorney, accountant, or agent.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO VIKTOR KHRAPUNOV INTERROGATORY NO. 3:

IDENTIFY the name, business address, and country of origin for each and every entity for which YOU or a RELATED PARTY of YOU serve or have served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

ALMATY'S FIRST SET OF INTERROGATORIES TO VIKTOR KHRAPUNOV INTERROGATORY NO. 4:

IDENTIFY the name, business address, and country of origin for each and every entity for which any DEFENDANT, INDIVIDUAL, ENTITY, or RELATED PARTY of any DEFENDANT, INDIVIDUAL, or ENTITY serves or has served as an officer, director, shareholder, partner (in any capacity, including general or limited), member, interest holder, employee, trustee, beneficiary, manager, agent, or representative.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

<u>ALMATY'S SECOND SET OF INTERROGATORIES TO VIKTOR KHRAPUNOV INTERROGATORY NO. 15</u>:

IDENTIFY all ENTITIES ~~and RELATED PARTIES~~ for which YOU are or have been a beneficial owner.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

## VII.   BANK ACCOUNT INFORMATION

### i.   Ilyas Khrapunov

ALMATY'S SECOND SET OF INTERROGATORIES TO ILYAS KHRAPUNOV, INTERROGATORY NO. 22:

IDENTIFY all ACCOUNTS that provided or transferred monies used in or RELATING TO the U.S. TRANSACTIONS.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### ii.   Leila Khrapunova

ALMATY'S SECOND SET OF INTERROGATORIES TO LEILA KHRAPUNOVA, INTERROGATORY NO. 22:

IDENTIFY all ACCOUNTS that provided or transferred monies used in or RELATING TO the U.S. TRANSACTIONS.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iii.   Madina Ablyazova

ALMATY'S SECOND SET OF INTERROGATORIES TO MADINA ABLYAZOVA, INTERROGATORY NO. 22:

IDENTIFY all ACCOUNTS that provided or transferred monies used in or RELATING TO the U.S. TRANSACTIONS.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

### iv.   Viktor Khrapunov

ALMATY'S SECOND SET OF INTERROGATORIES TO VICTOR KHRAPUNOV, INTERROGATORY NO. 22:

IDENTIFY all ACCOUNTS that provided or transferred monies used in or RELATING TO the U.S. TRANSACTIONS.

*Defendants propose to limit the definition of US TRANSACTIONS to those transactions as identified in Exhibit 1.*

## VIII. INFORMATION PERTAINING TO DEFENDANT'S SOURCES OF INCOME/NET WORTH

### i. Ilyas Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV, NO. 9:

     All DOCUMENTS identifying, listing, summarizing, or valuing any ASSETS or liabilities held in the name or for the benefit of (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation any financial statements, balance sheets, statements of net worth, sale, purchase or transfer documents, applications for loans or other forms of credit, appraisals, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other assets.

     *Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO ILYAS KHRAPUNOV, NO. 11:

     All DOCUMENTS RELATING to any offer, application, solicitation, or request to acquire, sell, or transfer any ASSET with a proposed or actual transfer price or financing value equal to or greater than $50,000 USD for, on behalf of or RELATING to (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation, real estate, automobiles, jewelry, art, or any other asset or thing of value, including without limitation offers, contracts, proof of funds, statements of net worth, and verifications of income.

     *Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### ii. Leila Khrapunova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO LEILA KHRAPUNOVA, NO. 9:

     All DOCUMENTS identifying, listing, summarizing, or valuing any ASSETS or liabilities held in the name or for the benefit of (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation any financial statements, balance sheets, statements of net worth, sale, purchase or transfer documents, applications for loans or other forms of credit, appraisals, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other assets.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO LEILA KHRAPUNOVA, NO. 11:

 All DOCUMENTS RELATING to any offer, application, solicitation, or request to acquire, sell, or transfer any ASSET with a proposed or actual transfer price or financing value equal to or greater than $50,000 USD for, on behalf of or RELATING to (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation, real estate, automobiles, jewelry, art, or any other asset or thing of value, including without limitation offers, contracts, proof of funds, statements of net worth, and verifications of income.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### iii. Madina Ablyazova

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO MADINA ABLYAZOVA, NO. 9:

 All DOCUMENTS identifying, listing, summarizing, or valuing any ASSETS or liabilities held in the name or for the benefit of (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation any financial statements, balance sheets, statements of net worth, sale, purchase or transfer documents, applications for loans or other forms of credit, appraisals, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other assets.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION MADINA ABLYAZOVA, NO. 11:

 All DOCUMENTS RELATING to any offer, application, solicitation, or request to acquire, sell, or transfer any ASSET with a proposed or actual transfer price or financing value equal to or greater than $50,000 USD for, on behalf of or RELATING to (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation, real estate, automobiles, jewelry, art, or any other asset or thing of value, including without limitation offers, contracts, proof of funds, statements of net worth, and verifications of income.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### iv.   Viktor Khrapunov

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIKTOR KHRAPUNOV, NO. 9:

All DOCUMENTS identifying, listing, summarizing, or valuing any ASSETS or liabilities held in the name or for the benefit of (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation any financial statements, balance sheets, statements of net worth, sale, purchase or transfer documents, applications for loans or other forms of credit, appraisals, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other assets.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

ALMATY'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIKTOR KHRAPUNOV, NO. 11:

All DOCUMENTS RELATING to any offer, application, solicitation, or request to acquire, sell, or transfer any ASSET with a proposed or actual transfer price or financing value equal to or greater than $50,000 USD for, on behalf of or RELATING to (a) YOU, (b) any DEFENDANT, INDIVIDUAL, or ENTITY, or (c) any RELATED PARTY of (a) or (b), including without limitation, real estate, automobiles, jewelry, art, or any other asset or thing of value, including without limitation offers, contracts, proof of funds, statements of net worth, and verifications of income.

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### v.   Dmitry Kudryashov

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DMITRY KUDRYASHOV, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### vi.   Elvira Kudryashova

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELVIRA KUDRYASHOVA, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*
*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### vii.   628 Holdings LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 628 HOLDINGS LLC, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*
*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### viii.   Candian International

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CANDIAN INTERNATIONAL, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more. Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### ix.   Dmitry Kudryashov as Trustee of the Kasan Family Trust

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DMITRY KUDRYASHOV AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more. Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### x.   Elvira Kudryashova as Trustee of the Kasan Family Trust

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ELVIRA KUDRYASHOVA AS TRUSTEE FOR THE KASAN FAMILY TRUST, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more. Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xi.   Haute Hue LLC

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HAUTE HUE LLC, REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xii.   Maro Design LLC

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARO DESIGN LLC, REQUEST FOR PRODUCTION NO. 76:</u>

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xiii.   RPM USA, LLC

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM USA, LLC, REQUEST FOR PRODUCTION NO. 76:</u>

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

### xiv.   RPM-MARO LLC

<u>THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RPM-MARO LLC, REQUEST FOR PRODUCTION NO. 76:</u>

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO YOUR net worth in the United States, including without limitation any tax documents, financial statements, balance sheets, statements of net worth, applications for loans or other forms of credit, and inventories of art, jewelry, precious metals, real property, personal property, automobiles, or other ASSETS.

*Defendants propose to limit this request to assets worth $50,000 or more.*

*Defendants propose to limit to those transactions identified in the definition of "U.S. TRANSACTIONS" as identified in Exhibit 1*

## IX.   TRANSACTIONS INVOLVING MONEY ALLEGEDLY STOLEN FROM KAZAKHSTAN

None, on the theory the topic does not go to personal or subject matter jurisdiction

## X.   INFORMATION PERTAINING TO THE ALLEGED UNLAWFUL ACTS IN KAZAKHSTAN

None, on the theory the topic does not go to personal or subject matter jurisdiction

# EXHIBIT 3

# RE: meet & confer re discovery

## Lara Kollios

Fri 3/2/2018 3:51 PM

Sent Items

To: Kendall.Howes@lw.com <Kendall.Howes@lw.com>;

Cc: jonathan.jackson@lw.com <jonathan.jackson@lw.com>;

Kendall,

Almaty's first proposal was made last night at 8:00 pm.  When we spoke on the phone last week Almaty did not have a proposal, as ordered by the Court.  Instead, you stated that you would be moving the Court to reconsider its order and for additional discovery responses that were already addressed by the Court's order.  You then began to suggest that defendants should respond all 5,000 + discovery requests, but with different defined terms.  At that point, I said such a suggestion was not in line with the Court's order and asked that you send a proposal consistent with the order, which called for a "reasonable amount of jurisdictional discovery."

By failing to send a proposal until two business days before the joint submissions is due, you have affirmed Almaty's lack of interest in a meaningful meet and confer.  Moreover, nowhere did the Court order defendants to draft "reasonable jurisdictional discovery" on behalf of Almaty.  Defendants remain willing to produce reasonable discovery narrowly focused on jurisdiction, as ordered by the Court.  We will do our best to evaluate your first proposal received last night and provide a meaningful response for the Court to consider on such short notice.

**Lara Kollios**
**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643 | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.

**From:** Kendall.Howes@lw.com [mailto:Kendall.Howes@lw.com]
**Sent:** Friday, March 2, 2018 1:55 PM
**To:** Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** jonathan.jackson@lw.com
**Subject:** RE: meet & confer re discovery

Lara,

The Court's order does not contemplate the exchange of briefing prior to March 5th.  Instead, the parties are to meet and confer, and, if they are unable to reach agreement, each party shall "set[] forth the last and best offer each side submitted to the other and argument as to why such proposal is appropriate and should be adopted by the Court," in no more than 10 pages, in a joint stipulation.  (Dkt. 224.)  The order thus requires simultaneous briefing (limited to the content specified by the Court) to be submitted on that date, without any further supplemental memorandum or reply.

To date, we have offered Defendants two proposals and have not received any proposals (or counterproposals) in return. We are prepared to draft and submit our portion of the joint stipulation supporting our latest, "best offer" by Monday.  Of course, please let us know whether you are willing to agree to any of the modified requests set forth in our proposal.

If you need more time to formulate Defendants' proposal pursuant to the order, we wouldn't be opposed to a short extension.

Thanks,
Kendall

---

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Friday, March 2, 2018 11:32 AM
**To:** Howes, Kendall (LA) <Kendall.Howes@lw.com>
**Cc:** Jackson, Jonathan (LA) <jonathan.jackson@lw.com>
**Subject:** Re: meet & confer re discovery

Kendall,

When can we expect Almaty's portion of the joint stipulation that is due Monday, pursuant to the Court's order?  Given that Almaty sent its lengthy proposal last night after business hours, and it will take some time to sift through the various requests, the only way we can meaningfully respond and meet the Court's deadline is if you send the joint stipulation today (and even then, we still only have one business day to respond).

Thanks - Lara

Sent from my iPhone

On Mar 1, 2018, at 7:53 PM, "Kendall.Howes@lw.com" <Kendall.Howes@lw.com> wrote:

> Hi Lara,
>
> Notwithstanding Defendants' refusal to propose a compromise or counteroffer to the proposal we laid out during our meet-and-confer call on February 22, attached please find Almaty's second proposal that further narrows our discovery requests.
>
> Best,
> Kendall
>
> ---
>
> **From:** Jackson, Jonathan (LA)
> **Sent:** Friday, February 23, 2018 3:36 PM
> **To:** Lara Kollios <LKollios@boerschshapiro.com>; Howes, Kendall (LA) <Kendall.Howes@lw.com>
> **Subject:** RE: meet & confer re discovery
>
> Lara,
>
> Thanks for your email.  While we don't necessarily agree with your characterization of the call, or your position that it would not have been appropriate for Defendants to propose a compromise during the call, we will circle back next week in any event.
>
> --Jon

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Friday, February 23, 2018 9:21 AM
**To:** Howes, Kendall (LA)
**Cc:** Jackson, Jonathan (LA)
**Subject:** Re: meet & confer re discovery

Jon and Kendall,

Thanks for the time yesterday. Per our discussion, you are going to send a proposal that identifies discovery narrowly tailored to the personal jurisdiction issue for the Swiss Defendants and discovery narrowly tailored to subject matter jurisdiction to any US Defendants you believe is appropriate given the Court's direction. At that point, we will be able to analyze the appropriate scope and substantively respond to your proposal. As we discussed, we do not believe the Court's order to mean that defendants are required to respond to the over 5,000 discovery requests Almaty has served with revised defined terms. We look forward to receiving your proposal with the narrow discovery the Court has ordered the parties to consider.

Thanks - Lara

---

**From:** Kendall.Howes@lw.com <Kendall.Howes@lw.com>
**Sent:** Thursday, February 22, 2018 11:32:26 AM
**To:** Lara Kollios
**Cc:** jonathan.jackson@lw.com
**Subject:** RE: meet & confer re discovery

Great. I just sent a calendar invite with the dial-in information.

Best,
Kendall

**From:** Lara Kollios [mailto:LKollios@boerschshapiro.com]
**Sent:** Thursday, February 22, 2018 11:28 AM
**To:** Howes, Kendall (LA) <Kendall.Howes@lw.com>
**Cc:** Jackson, Jonathan (LA) <jonathan.jackson@lw.com>
**Subject:** Re: meet & confer re discovery

3:00 works. Let me know what number to call. Thanks

Sent from my iPhone

On Feb 21, 2018, at 2:24 PM, "Kendall.Howes@lw.com" <Kendall.Howes@lw.com> wrote:

> Yes, you are correct. We can do 3 tomorrow.
>
> Thanks,
> Kendall
>
> ---
>
> **From:** Lara Kollios <LKollios@boerschshapiro.com>
> **Date:** Wednesday, Feb 21, 2018, 12:30 PM
> **To:** Howes, Kendall (LA) <Kendall.Howes@lw.com>
> **Cc:** Jackson, Jonathan (LA) <jonathan.jackson@lw.com>
> **Subject:** RE: meet & confer re discovery

3/5/2018                    Mail - LKollios@boerschshapiro.com
Case 2:14-cv-03650-FMO-FFM   Document 229-1   Filed 03/05/18   Page 39 of 53   Page ID
#:10297

Kendall – I believe the Court ordered us to meet within ten days of the order, which I think is tomorrow.  Let me know if I'm mistaken.  If not, I am available tomorrow between 12:00-4:00

**Lara Kollios**
**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643  | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.

**From:** Kendall.Howes@lw.com [mailto:Kendall.Howes@lw.com]
**Sent:** Wednesday, February 21, 2018 11:44 AM
**To:** Lara Kollios <LKollios@boerschshapiro.com>
**Cc:** jonathan.jackson@lw.com
**Subject:** meet & confer re discovery

Hi Lara,

Per Judge Mumm's order, please let us know if you are available to meet and confer on Friday. We are available to talk at any time.

Thanks,
Kendall

**Kendall M. Howes**

**LATHAM & WATKINS LLP**
355 South Grand Avenue
Los Angeles, CA 90071-1560
Direct Dial: +1.213.891.8902
Fax: +1.213.891.8763
Email: kendall.howes@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

<Almaty's Discovery Proposal.pdf>

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements.

Latham & Watkins LLP

# EXHIBIT 4

<u>City of Almaty's Discovery Proposal</u>

**<u>Proposed Global Limitations</u>**

For all Requests, Plaintiff proposes to limit its requests in the following ways:

- Plaintiff will limit any Request that seeks information regarding financial transactions to transactions of $50,000 or more (unless the Request already specifies an amount greater than $50,000)

- Plaintiff will limit the appendices referenced in the definitions of INDIVIDUAL and ENTITY to individuals and entities for which Plaintiff can explain their relevance.

- Plaintiff will limit the definition of KAZAKHSTAN TRANSACTIONS to only those transactions described in the corresponding appendix.  Plaintiff will further limit the list of transactions to those for which Plaintiff can explain their relevance.

- Plaintiff will remove references to RELATED PARTIES from all Requests.

**<u>Specific Requests</u>**

Plaintiff believes that the follow requests are relevant to the personal jurisdiction of Iliyas Khrapunov, Madina Ablyazova, Leila Khrapunova, and Viktor Khrapunov, and/or are relevant to Defendants' motion to dismiss for purported lack of subject matter jurisdiction (as narrowed in some instances as noted below).  We have broken the requests into broad categories based on the type of information sought:

- Travel to the U.S.

| Interrogatories to Swiss Individuals | • 20 |
|---|---|
| Requests for Admission to Elvira | • 390-391 |
| Requests for Admission to Dmitry | • 368-369 |
| Requests for Admission to Iliyas | • 376-389 |
| Requests for Admission to Madina | • 378-391 |
| Requests for Admission to Viktor | • 138-145 |
| Requests for Admission to Leila | •  142-149 |

1

- Identity of Defendants

| Interrogatories to Swiss Individuals | • 14<br>• 21<br>• 23 |
|---|---|
| Requests for Admission to Dmitry | • 365 |
| Requests for Admission to Iliyas | • 1-7<br>• 392-396 |
| Requests for Admission to Madina | • 1-7<br>• 394-397 |
| Requests for Admission to Viktor | • 181-184 |
| Requests for Admission to Leila | • 185-188 |

- Transactions directed at the U.S. made directly or indirectly by Defendants

| Requests for Production to Elvira and Dmitry | • 58 |
|---|---|
| Requests for Production to Entity Defendants | • 58 |
| Requests for Production to Swiss Individuals | • 2<br>• 5(b) |
| Interrogatories to Swiss Individuals | • 17 (limited to business within or directed to the U.S.) |
| Requests for Admission to Iliyas and Madina | • 252-255<br>• 305-309<br>• 319-321 |

2

- Information pertaining to assets directly or indirectly owned by Defendants in the U.S.

| Requests for Production to Elvira and Dmitry | <ul><li>59</li><li>62(b) and (c) (limited to assets in the U.S.)</li><li>66</li><li>69 (limited to assets in the U.S.)</li></ul> |
|---|---|
| Requests for Production to Entity Defendants | <ul><li>59</li><li>62(b) and (c) (limited to assets in the U.S.)</li><li>66</li><li>69 (limited to assets in the U.S.)</li></ul> |
| Requests for Production to Swiss Individuals | <ul><li>21 (limited to assets in the U.S.)</li><li>22 (limited to assets in the U.S.)</li><li>23</li></ul> |
| Interrogatories to Swiss Individuals | <ul><li>5-6 (limited to U.S.)</li><li>18</li></ul> |
| Requests for Admission to Iliyas and Madina | <ul><li>173-182</li><li>209-213</li><li>228-229</li><li>249-251 (limited to U.S.)</li></ul> |
| Requests for Admission to Viktor | <ul><li>122-124</li><li>134-137</li></ul> |
| Requests for Admission to Leila | <ul><li>122-124</li><li>135-141</li></ul> |

- Information pertaining to the ownership/control/corporation information for all defined ENTITIES

| Requests for Production to Elvira and Dmitry | <ul><li>63</li></ul> |
|---|---|
| Requests for Production to Entity Defendants | <ul><li>63</li></ul> |

3

| Requests for Production to Swiss Individuals | • 6[1] |
|---|---|
| Interrogatories to Elvira and Dmitry | • 22 |
| Requests for Admission to Iliyas and Madina | • 71-74<br>• 99-108<br>• 137-168<br>• 313<br>• 316-318 |

- Information regarding all entities owned and controlled by Defendants, and/or the defined INDIVIDUALS and ENTITIES:

| Requests for Production to Elvira and Dmitry | • 64<br>• 71-72 |
|---|---|
| Requests for Production to Entity Defendants | • 64 |
| Requests for Production to Swiss Individuals | • 7<br>• 13 |
| Interrogatories to Elvira and Dmitry | • 23<br>• 25 (Dmitry only) |
| Interrogatories to Swiss Individuals | • 3-4<br>• 13<br>• 15 |
| Requests for Admission to Elvira | • 271-274<br>• 317-318 |
| Requests for Admission to Dmitry | • 272<br>• 318 |
| Requests for Admission to Iliyas | • 314-315<br>• 396 |
| Requests for Admission to Madina | • 314-315<br>• 398 |

---

[1] Requests for Production to Swiss Individuals 1-17 (set one) are incorporated into the Requests for Production (set two) served in 2017 through Request 18.

US-DOCS\99389226.1

| Requests for Admission to Viktor | • 180 |
|---|---|
| Requests for Admission to Leila | • 184 |

- Bank Account Information

| Requests for Production to Elvira and Dmitry | • 61<br>• 62(d) |
|---|---|
| Requests for Production to Entity Defendants | • 61<br>• 62(d) |
| Requests for Production to Swiss Individuals | • 4<br>• 5(d) |
| Interrogatories to Swiss Individuals | • 1-2<br>• 10-11<br>• 22 |
| Requests for Admission to Elvira | • 331-333<br>• 335-340<br>• 342-346<br>• 348-354 |
| Requests for Admission to Dmitry | • 330-338<br>• 341-345<br>• 347-353 |
| Requests for Admission to Iliyas | • 337-369 |
| Requests for Admission to Madina | • 338-370 |
| Requests for Admission to Viktor | • 146-147<br>• 149-178 |
| Requests for Admission to Leila | • 150-151<br>• 153-182 |

5

- Information pertaining to Defendants' sources of income and net worth

| Requests for Production to Elvira and Dmitry | • 68<br>• 70<br>• 73<br>• 75-79 |
|---|---|
| Requests for Production to Entity Defendants | • 68<br>• 70<br>• 72-79 |
| Requests for Production to Swiss Individuals | • 9-12<br>• 16<br>• 19-20 |
| Interrogatories to Swiss Individuals | • 12<br>• 16 |
| Requests for Admission to Iliyas | • 390-391 |
| Requests for Admission to Madina | • 392-393 |
| Requests for Admission to Viktor and Leila | • 6-9 |

- Transactions involving money allegedly stolen from Kazakhstan

| Requests for Production to Elvira and Dmitry | • 60 |
|---|---|
| Requests for Production to Entity Defendants | • 57 |
| Interrogatories to Elvira and Dmitry | • 24 (willing to accept bank statements in lieu of subparts (a)-(c); limited the years to 2007 to the present) |
| Interrogatories to Entity Defendants | • 23<br>• 24 (narrowed to loans given to or received from DEFENDANTS, INDIVIDUALS, or ENTITIES) |

6

| Interrogatories to Swiss Individuals | • 7<br>• 19 |
|---|---|
| Requests for Admission to Elvira | • 262-264<br>• 265-267<br>• 268-270<br>• 326-330<br>• 347<br>• 355<br>• 357-360<br>• 372<br>• 375<br>• 378 |
| Requests for Admission to Dmitry | • 262- 264<br>• 265-267<br>• 268-270<br>• 325-329<br>• 355<br>• 357<br>• 358<br>• 359<br>• 360 |
| Requests for Admission to Iliyas | • 324-336<br>• 370-375 |
| Requests for Admission to Madina | • 324-337<br>• 371-377 |
| Requests for Admission to Viktor | • 125-133<br>• 179<br>• 190-191 |
| Requests for Admission to Leila | • 125-133<br>• 183<br>• 194-195 |

- Information pertaining to the alleged unlawful acts in Kazakhstan

| Requests for Production to Elvira and Dmitry | • 57<br>• 62(a) |
|---|---|

7

| Requests for Production to Entity Defendants | • 62(a) |
|---|---|
| Requests for Production to Swiss Individuals | • 1<br>• 5(a) |
| Requests for Admission to Elvira | • 381-388 |
| Requests for Admission to Iliyas | • 397-401<br>• 426-433 |
| Requests for Admission to Viktor and Leila | • 1-5<br>• 19-121 |

In additional to the above limitations, Plaintiff agrees to <u>withdraw</u> the following requests for the purposes of this meet-and-confer:

| Requests for Production to Elvira and Dmitry | • 60<br>• 65<br>• 67<br>• 74<br>• 81<br>• 82<br>• 83 (Elvira only) |
|---|---|
| Requests for Production to Entity Defendants | • 60<br>• 65<br>• 67<br>• 80<br>• 81 |
| Requests for Production to Swiss Individuals | • 8<br>• 14<br>• 15<br>• 17 |
| Interrogatories to Elvira | • 25 |
| Interrogatories to Swiss Individuals | • 8-9<br>• 17 |
| Requests for Admission to Elvira | • 127<br>• 130-131<br>• 134-135<br>• 138 |

8

| | |
|---|---|
| | • 159-160<br>• 163-164<br>• 167-168<br>• 171-172<br>• 175-176<br>• 179-180<br>• 211-212<br>• 217<br>• 222<br>• 227<br>• 258<br>• 261<br>• 279-280<br>• 283-285<br>• 288<br>• 291<br>• 294-295<br>• 298<br>• 301<br>• 304<br>• 307<br>• 310-316<br>• 397 |
| Requests for Admission to Dmitry | • 25<br>• 212<br>• 261<br>• 304<br>• 310-312<br>• 375 |
| Requests for Admission to Iliyas | • 8-70<br>• 75-98<br>• 109-136<br>• 169-172<br>• 183-208<br>• 214-227<br>• 230-248<br>• 256-304<br>• 310-312<br>• 402-425<br>• 434-448 |

| Requests for Admission to Madina | <ul><li>8-70</li><li>75-98</li><li>109-136</li><li>169-172</li><li>183-208</li><li>214-227</li><li>230-248</li><li>256-304</li><li>310-312</li><li>399-401</li></ul> |
| --- | --- |
| Requests for Admission to Viktor | <ul><li>10-18</li><li>148</li><li>185-189</li></ul> |
| Requests for Admission to Leila | <ul><li>10-18</li><li>152</li><li>189-193</li></ul> |

10

# EXHIBIT 5

Joint Submission

## Lara Kollios

Mon 3/5/2018 2:29 PM

To: Kendall.Howes@lw.com <Kendall.Howes@lw.com>; jonathan.jackson@lw.com <jonathan.jackson@lw.com>;

📎   2 attachments (532 KB)

Exhibit 1.pdf; Defendants' Proposed Discovery Requests.pdf;

Kendall and Jon,

Please let me know how you would like to handle the filing of the parties' joint submission today.  Also, attached is defendants' discovery proposal that we will submit with our section of the joint submission, which we just completed given that we received Almaty's proposal on Thursday night and our clients live in Switzerland.

Thanks - Lara

**Lara Kollios**
**Boersch Shapiro LLP**
1611 Telegraph Ave Ste 806
Oakland, CA 94612
T: 415-500-6643 | F: 415-967-3062
www.boerschshapiro.com

The information in this email may contain attorney-client privileged communications and/or attorney work product. If you are not the intended recipient, then receipt does not waive any privilege or confidential treatment. Please notify the sender and delete this email.